WEST PHILADELPHIA BANK, Appellant, *v.* ALLSTON GERRY, Impleaded, etc., Respondent.

In 1875 the firm of G. T. & Co., composed of the defendants, executed to plaintiff its promissory note upon which this action was brought, and judgment was recovered in January, 1883, against all of the defendants. In August, 1878, defendant G., then being a resident of Massachusetts, filed his petition in bankruptcy, and in March, 1883, obtained his discharge from all debts and claims provable against his estate which existed on August 3, 1878, save as excepted by the bankrupt act. Before the petition in bankruptcy was filed the firm was dissolved, an assignment of its property made and the assets distributed among creditors. An application made by G. in September, 1886, for a discharge of said judgment of record as against G. was granted. *Held,* that the discharge in bankruptcy covered the judgment ; that conceding G. could have obtained from the United States Court a stay of proceedings in this action, he was not bound so to do, and his omission could not deprive him of the benefit of the provision of the Code of Civil Procedure (§ 1268), providing that at any time after the lapse of two years from a bankrupt's discharge he may apply to the court in which a judgment was rendered against him to have it discharged of record, and requiring the court to grant the application "if it appears that he has been discharged from the payment of that judgment;" also, that if the doctrine of *laches* applied, it was for the court below to deal with it, and its decision was not reviewable here.

*Medbury* v. *Swan* (46 N. Y. 200) distinguished.

Under the late bankrupt act, in proceedings instituted for his discharge by one member of a firm, upon his individual petition, partnership debts were provable. and he was entitled to be discharged from them, whether there were assets of the firm or not.

It was objected that the judgment was not included in G's schedule in bankruptcy; it appeared that the note upon which the judgment was recovered was set forth. *Held*, that a discharge of the cause of action discharged the judgment.

*It seems,* the said provision of the Code introduced no new law, but simply conforms with, and was affirmatory of the previous uniform practice of the courts.

(Argued June 7, 1887; decided October 4, 1887.)

APPEAL from the order of the General Term of the Supreme Court in the first judicial department made January 22, 1887, which affirmed an order of Special Term, granting a motion

on the part of defendant Gerry, directing that the judgment herein be canceled and discharged of record as against him.

The material facts are stated in the opinion.

*James Armstrong* for appellant.   The defendant Gerry was guilty of laches in not applying for a stay.   (*Medbury* v. *Swan*, 46 N. Y. 200; *Valkenburgh* v. *Dederick*, 1 Johns. Cas. 133; *Cross* v. *Hobson*, 2 Caine's Cas. 102.)   A discharge in bankruptcy of a single member of a copartnership does not act as a discharge of copartnership debts if there are assets of the firm unless the firm is declared bankrupt.   (*In re Little*, 1 Nat. Bk. Reg. 343; *In re Noonan*, 10 id. 334; *Hudgins* v. *Lane*, 11 id. 462; *Compton* v. *Conkling, Jr.*, 15 id. 417; *Corey* v. *Perry*, 17 id. 147; *In re Plumb*, id. 76.)   No member of a firm owing copartnership debts can be discharged if there are firm assets, unless the firm is declared bankrupt.   He cannot be discharged of his individual liabilities, leaving him liable for his copartnership debts, for he must be discharged of all or none.   (*In re Grady*, 111 Nat. Bk. Rep. 229; *In re Morritz & Periner*, 5 L. R. 539.)   The order appealed from was improperly granted, as the moving party did not bring himself within the provisions of section 1268 of the Code of Civil Procedure.   (*Clark* v. *Rowling*, 3 N. Y. 216; *Monroe* v. *Upton*, 50 id. 593: Laws of 1875, chap. 52, Code of Civ. Pro., § 1268.)

*Robert Payne* for respondent.   If it appeared that Allston Gerry has been discharged from the payment of the judgment, this court "must" make an order accordingly, and the clerk "must" cancel and discharge the docket thereof.   (Code of Civ. Proc., § 1268.)   The debt, being the note on which the judgment was based, was due and payable from Gerry's firm, from him individually, and existed at the time of the commencement of his proceedings in bankruptcy, and was, therefore, provable against his estate in bankruptcy.   (U. S. R. S., § 5067.)   The certificate of discharge in bankruptcy is conclusive evidence in favor of the bankrupt of the fact and regularity of such discharge, and cannot be impeached in a

State court on the ground that it was improperly granted. (*Ocean Bk.* v. *Olcott*, 46 N. Y. 12.) The recovery of the judgment on January 10, 1883, on the note in question, does not prevent the operation of the discharge on the plaintiff's claim. (*Clark* v. *Rowling*, 3 N. Y. 216; *Monroe* v. *Upton*, 50 id. 593; *Medbury* v. *Swan*, 46 id. 200; *Valkenburgh* v. *Dederick*, 1 Johns. Cas. 134; *Cross* v. *Hobson*, 2 Caine's Cas. 102.) The District Courts of the United States are not courts of inferior jurisdiction in the sense that renders it necessary to show their jurisdiction on the face of their records. The r jurisdiction is presumed until the contrary is shown. (*McCormick* v. *Sullivan*, 10 Wheat. 192; *Ex parte Watkins*, 3 Peters, 193; *Ruckman* v. *Cowell*, 1 N. Y. 505; *Chemung Bk.* v. *Judson*, 8 id. 254.) Where there are no partnership assets to be administered (under the bankrupt law), a member of a late partnership may, upon his individual petition, be discharged from all his debts, partnership as well as individual. (*In re Abbe*, 2 N. B. R. 75.) A firm cannot be adjudged bankrupt on the petition of one of the partners against his copartners, where it appears that the firm had been dissolved by judicial decree and all its assets transferred to a receiver, and that there are firm debts. (*In re Hopkins*, 18 N. B. R. 339.) A firm not subsisting at the date of the filing of the petition cannot be adjudged bankrupt, if there are no firm assets, though there may be firm debts still unpaid. (*In re Crockett*, 2 N. B. R. 208; *S. C.*, 2 Ben. 515; *In re Hartough*, 3 N. B. R. 422.) Partnerships can be adjudged bankrupts only when they actually exist, or where there are assets, and not when terminated by bankruptcy, insolvency, assignment or otherwise. (*In re Winkens*, 2 N. B. R. 349; *In re Little*, 1 id. 341.) A discharge in bankruptcy extinguishes all the debts of the bankrupt provable under the act existing at the date of the filing of his petition in bankruptcy, and any judgment that may be obtained upon any of such debts, if such judgment be entered before the date of the discharge in bankruptcy. (*Sands* v. *Perry*, 38 Hun, 268; *Clark* v. *Rowling*, 3 N. Y. 216; *Monroe* v. *Upton*, 50 id. 593;

*Arnold* v. *Oliver*, 64 How. 452; *Revere Copper Co.* v. *Dimock*, 90 N. Y. 33.)

DANFORTH, J. It appears by the motion papers that in May, 1875, the petitioner was a member of the firm of Gerry, Tilton & Colwell, and, as such, indebted to the plaintiff upon a promissory note of that date, made by the firm for the sum of $2,569.73. It was not paid, and on the 10th of January, 1883, the plaintiff recovered judgment in the Supreme Court of this State against him and the other members of the firm. It also appears that on the 3d of August, 1878, he, then being a resident of the State of Massachusetts, filed in the proper court a petition that he be adjudged a bankrupt; that he was so adjudged, and, thereafter, so conformed to the requirements of the statutes of the United States relating to bankruptcy; that on the 30th day of March, 1883, an order was made by the District Court of the United States, sitting in bankruptcy, for the district of Massachusetts, that he be "forever discharged from all debts and claims which," under those statutes, were provable against his estate and which existed on the 3d day of August, 1878, subject to certain exceptions, of which the debt in question was not one. In September, 1886, he applied to the proper court for an order discharging the above judgment of record as against him. The motion was opposed by the judgment creditor, but granted by the court. The plaintiff appeals. We find no ground on which the appeal can succeed. The Code of Civil Procedure (§ 1268), provides that, at any time after two years have elapsed since a bankrupt was discharged from his debts, pursuant to the act of congress relating to bankruptcy, he may, upon proof of his discharge, apply to the court in which a judgment was rendered against him, for an order directing the judgment to be canceled and discharged of record; and "if it appears that he has been discharged from the payment of that judgment, an order must be made accordingly." The appellant contends:

*First.* That "the debtor was guilty of laches in not obtaining a stay from the United States court of the proceedings in the

action in the State court." If he could have done so, he was not bound to take that course, and his omission cannot deprive him of the benefit of the statute above quoted. We do not see that the doctrine of laches applies, but if it does it was for the Supreme Court to deal with it, and its decision cannot be reviewed. *Medbury* v. *Swan* (46 N. Y. 200), cited by the respondent, involved a favor depending on the discretion of the Supreme Court, and its decision being adverse to the bankrupt, was not the subject of review.

*Second.* That "a discharge in bankruptcy of a single member of a copartnership does not act as a discharge of a copartnership debt if there are assets of the firm unless the firm is declared bankrupt." It appears as a fact in the case that before the petition in bankruptcy was filed the firm had been dissolved, and a general assignment without preferences made by it of all its property to assignees who qualified and took charge of and distributed its property. Not only then had the firm ceased to exist as between the parties, but there were no partnership assets, nor any power on its part to acquire any. It is true that the assignment did not release the obligation of the contract, but that was effected by bankruptcy if the debt was one provable against the bankrupt. (Bankrupt Act of 1867, §§ 32, 34; U. S. Bankrupt Act, §§ 5115, 5119.) That it was so provable requires no argument, for it is not one of the excepted classes; and, save those, all debts and liabilities, claims and demands, present or future, certain or contingent, to which the bankrupt was subject, or which were due and payable from him at the date of the adjudication, might be proved against his estate. (Bankrupt Act, § 19; R. S. of U. S., § 5067.) Moreover, if there were partnership effects, the interest of the bankrupt member vested in his assignee (Bankrupt Act, § 14; U. S. R. S., §§ 5044, 5046), as an asset. (*In re Beal*, 2 Nat. Bank. Reg. 578.)

The precise point was also decided by BLATCHFORD, J., *In the Matter of Frear* (1 Nat. Bank. Reg. 660; *S. C.*, 35 How. Pr. 249), who was a member of a then late copartnership, but

who filed his individual petition for a discharge from all his debts, it was held that the debt in question although a partnership debt, was provable whether there were assets of the copartnership or not. This view of the law is also consistent with the declaration in section 33 of the Bankrupt Act (U. S. R. S., § 5118), that no discharge should release or affect any person liable for the same debt with the bankrupt, either as partner or otherwise. Nothing else can be inferred, than that, within the intent of the act, one partner might be entitled to be discharged for or in respect of partnership debts.

*Third.* That the moving party is not within the Code (§ 1268, *supra*), because "the judgment was not included in his schedules in bankruptcy." It appears, however, that the debt which constituted the cause of action was set forth, and the amount and date, etc., of the note upon which the judgment was recovered, and the name and address of the plaintiff herein, as a creditor by virtue of it. The cases already decided in this court (*Clark* v. *Rowling*, 3 N. Y. 216; *Monroe* v. *Upton*, 50 id. 593), if applicable, show that the judgment is, for the purpose of the Code (*supra*), regarded as the old debt in a new form, and that a discharge of the cause of action, as described in the bankruptcy proceedings, discharged the judgment which is founded upon and represents it. But the respondent says the provisions of the Code (*supra*), were not enacted until after the decision in those cases. That is true, yet the relief formulated by it had long before been effected by the uniform practice of the courts. (*Baker* v. *Judges of Ulster*, 4 Johns. 191; *Baker* v. *Taylor*, 1 Cow. 165; *Alcott* v. *Avery*, 1 Barb. Ch. 347.) The Code introduced no new law, but was in conformity with that practice and affirmatory of it. Its language is not open to doubt; but if it were, the act is remedial and should receive such construction as will advance its object. In any view which can be taken of it, we think the decision of the court below was right and its order, therefore, should be affirmed.

All concur.

Order affirmed.