## WALKER v. MUIR.

(Supreme Court, Appellate Division, Second Department.　June 18, 1908.)

1. BANKRUPTCY—DISCHARGE—JUDGMENT AGAINST BANKRUPT PENDING PROCEEDING.

　　Suit was brought against defendant upon a cause of action ex contractu which would ordinarily be discharged by a discharge in bankruptcy and judgment was entered against him December 27th. Prior thereto on September 29th, but after suit had been commenced, defendant filed his petition in bankruptcy, scheduling plaintiff's claim, and on January 15th he was discharged from all debts and claims provable against his estate which existed on the day of filing his petition, excepting debts not dischargeable in bankruptcy. It did not appear that plaintiff was without notice of the proceeding. Code Civ. Proc. § 1268, provides that at any time after one year has elapsed since a bankrupt was discharged of his debts pursuant to acts of Congress he may apply to the court in which a judgment was rendered against him, and obtain an order directing the judgment to be canceled if it appears that he has been discharged from payment of the judgment or the debt upon which it was recovered. *Held*, that defendant was entitled to have the judgment canceled; the debt being due and payable at the time of filing his schedules, though judgment had not been entered.

2. SAME.

　　The judgment is for the purpose of the Code regarded as the old debt in a new form.

3. SAME—STATUTES—OPERATION—MANDATORY STATUTES.

　　The section of the Code is mandatory.

Appeal from Special Term, Kings County.

Action by Gertrude Walker against William Muir. From an order denying defendant's motion to discharge of record a judgment against him, he appeals. Reversed, and motion granted.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Herbert Peake, for appellant.
William Armstrong, for respondent.

HOOKER, J.　This is an appeal by the defendant from an order denying his motion to discharge of record a judgment against him, under the provisions of section 1268 of the Code of Civil Procedure. Plaintiff sued the defendant in the City Court of the city of New

York in the year 1902 upon a cause of action ex contractu which would ordinarily be discharged by a discharge in bankruptcy. Section 17, Bankr. Act July 1, 1898, c. 541, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428). Judgment was entered upon defendant's default on April 19, 1902, and the default was opened on May 19, 1902; the plaintiff being required to serve her complaint within ten days thereafter, and the defendant to answer in three days. The defendant suffered another default, however, but plaintiff did not enter her judgment against the defendant until December 27, 1906. On September 29, 1903, defendant filed his petition in bankruptcy, and on January 15, 1904, he was by order of the federal court discharged from all debts and claims provable against his estate which existed on the day of the filing of his petition, excepting debts not dischargeable in bankruptcy. The defendant proved by the affidavit read in support of his motion that the plaintiff's claim was included in the defendant's schedules in bankruptcy. This fact is not disputed, nor does the plaintiff allege that she was without notice of the bankruptcy proceedings.

Section 1268 of the Code of Civil Procedure relating to discharge of judgments against bankrupts, provided prior to 1899 that, if it appeared upon the debtor's application for discharge of the judgment that he has been discharged from the payment of that judgment, an order must be made accordingly; but by chapter 602, p. 1340, of the laws of that year, the section was amended in substantial particulars, part of it is made to read as follows:

"If it appears upon the hearing that he has been discharged from the payment of that judgment, or the debt upon which such judgment was recovered, an order must be made directing said judgment be canceled and discharged of record."

The amendment was evidently made to cover just such a case as this, and due effect must be given to the added language in the section by holding that the application to discharge of record the judgment against the defendant should have been granted; for it cannot be disputed that the debt upon which the action, resulting in that judgment, was due and payable at the time of the filing of the schedules in bankruptcy, and was dischargeable as such. In addition to the plain language of the Code, it may not be amiss to call attention to the fact that the judgment is "for the purposes of the Code, regarded as the old debt in a new form." West Philadelphia Bank v. Gerry, 106 N. Y. 467, 472, 13 N. E. 453. It matters not that the defendant did not obtain a stay from the bankruptcy court (West Philadelphia Bank v. Gerry, supra), or that he did not move to open his second default and plead the discharge before judgment was entered; for either motion might have been denied for any one of several reasons, and the language of section 1268 of the Code is not only plain, but mandatory.

The order must therefore be reversed, with $10 costs and disbursements, and the motion granted. All concur.