In re OBERGFOLL.

(Circuit Court of Appeals, Second Circuit. January 16, 1917.)

No. 140.

BANKRUPTCY ☞217(3)—POWERS OF COURT—GARNISHMENT BY STATE COURT.

Bankr. Act July 1, 1898, c. 541, § 67f, 30 Stat. 564 (Comp. St. 1913, § 9651), providing that all levies, judgments, attachments, or other liens obtained through legal proceedings against an insolvent person within four months prior to the filing of a petition in bankruptcy against him shall be null and void in case he is adjudged a bankrupt, nullifies the lien of a garnishment process issued by a state court within four months before bankruptcy against the wages of the bankrupt, so that an order of the bankrupt court after discharge of the bankruptcy restraining proceedings under the garnishment is not invalid as an attempt to oust the state court from possession of the fund.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 323, 330.]

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of Charles L. Obergfoll, bankrupt. Petition by the American Bluestone Company to revise an order of the District Court. Petition to revise denied, and order affirmed.

Lewis A. Rosen, of New York City (Abraham Crosney, of New York City, of counsel), for bankrupt.

Benjamin W. Burger, of New York City, for petitioner.

Before COXE, WARD, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. It appears that the American Bluestone Company brought suit in the Municipal Court of the City of New York on a note given by the petitioner, and that the suit was determined in its favor on October 5, 1908.

Thereafter on February 18, 1915, a garnishee order was entered in the Supreme Court of New York which directed the paymaster of the city to withhold weekly 10 per cent. of the petitioner's earnings.

In pursuance of the order, the sheriff of New York county levied on the salary due the bankrupt from the city of New York the sum of 10 per cent., and that amount of his earnings has been weekly withheld.

On March 24, 1915, the petitioner was adjudicated a bankrupt by the District Court for the Eastern District of New York, and an order was entered in that court on April 15, 1915, directing the paymaster to withhold from the salary of the petitioner the amount ordered deducted under the garnishee execution above referred to and to retain the

same for a period of 12 months from the date of adjudication or until the question of the bankrupt's discharge should be determined, and to retain said amount in his possession until the further order of the court.

The petitioner was granted his discharge on June 27, 1916, and then asked the court, in view of the fact that his discharge released him from the judgment obtained by the American Bluestone Company, that an order should be entered vacating the stay and that the paymaster be directed to pay over to him all moneys collected under the garnishee order from the petitioner's earnings. Thereupon the District Court vacated its order of April 15, 1915. It has also ordered that further collection under the garnishee execution issued out of the New York Supreme Court on February 18, 1915, be restrained; and it has likewise ordered that the paymaster pay over to the trustee in bankruptcy all moneys collected by him under the garnishee execution and in his hands, and that the trustee pay over therefrom to the bankrupt all deductions made since the date of the adjudication in bankruptcy. The petitioner has objected that the court below was without jurisdiction to make the order on the ground that it is beyond the power or right of that court to interfere with the process issued out of the New York Supreme Court. In support of his contention, he calls attention to decisions of the Supreme Court of the United States declaring that, when a court has taken into its custody property of any kind, another court should not be permitted, either to oust the possession of the first court or in any way to interfere with its complete control and disposition of the property for the purpose of the cause in which its action has been invoked. That this principle has been laid down in a long line of cases cannot be denied. See Freeman v. Howe, 24 How. 450, 16 L. Ed. 749; Buck v. Colbath, 3 Wall. 334, 341, 18 L. Ed. 257; Covell v. Heyman, 111 U. S. 176, 182, 4 Sup. Ct. 355, 28 L. Ed. 390. The principle which these cases enunciate is fully recognized by this court and will be unhesitatingly applied in all proper cases. The difficulty is that the principle invoked has no application to such a case as that now before us.

The order which the petitioner seeks to have reviewed was made under authority of section 67f of the Bankruptcy Law, which reads as follows:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt."

The order made by the New York Supreme Court on February 18, 1915, became a lien on that date. New York Code of Civil Procedure, § 1391. The adjudication in bankruptcy was made on March 24, 1915, which was less than four months after the lien was created. Therefore the lien became null and void automatically by virtue of the provision of the Bankruptcy Act above quoted. The making of the

order which the petitioner is here objecting to was no interference with the process of the Supreme Court of New York, as such process had been already annulled by the Bankruptcy Act, and there was nothing to interfere with when the order was made.

The principle herein involved was applied in the case of In re Harrington (D. C. 1912) 200 Fed. 1010. In that case a creditor had obtained a judgment against him upon a debt provable in bankruptcy and from which a discharge would be a release, and after adjudication levied execution against the salary of the bankrupt to the extent of 10 per cent., as authorized by the New York Code of Civil Procedure. The court held that inasmuch as the discharge, if granted, would relate back to the adjudication and release the bankrupt from all liability on such debts as were provable and existed at that time, an order was properly granted which enjoined the enforcement of the garnishee execution, but impounded the 10 per cent. until the question of the bankrupt's discharge should be determined.

If there could be any doubt in such cases, the doubt has been extinguished by the decision of the Supreme Court in Chicago, Burlington & Quincy R. Co. v. Hall (1913) 229 U. S. 511, 516, 33 Sup. Ct. 885, 57 L. Ed. 1306, where the court speaking of a levy in a garnishee proceeding in a state court declared that all levies, seizures, and liens, obtained by legal proceedings within four months, that may or do interfere with that possession, are annulled.

The petition to revise is denied, and the order is affirmed.

⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes