### In re LOCKWOOD.

#### (District Court, E. D. New York. March 2, 1917.)

1. BANKRUPTCY ⬅︎392—PROCEEDINGS—PROTECTION OF BANKRUPT.

Under Bankr. Act July 1, 1898, c. 541, § 9, 30 Stat. 549 (Comp. St. 1913, § 9593), providing that a bankrupt shall be exempt from arrest upon civil process unless issued on a debt or claim from which his discharge would not be a release, and that in such case he shall be exempt from arrest when in attendance upon a court of bankruptcy, a court of bankruptcy having granted a discharge has jurisdiction to protect the bankrupt from arrest under a judgment rendered by another court after discharge, pending application to such court for relief, though the bankruptcy court cannot determine whether the discharge will apply to such judgment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 619–622.]

2. BANKRUPTCY ⬅︎418(3)—DISCHARGE—PROTECTION OF BANKRUPT.

Under Bankr. Act, § 2, subd. 15 (Comp. St. 1913, § 9586), giving the courts of bankruptcy authority to make orders necessary to give effect to the act, and section 11 (section 9595), declaring that when a suit is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of petition against him, it shall be stayed until after an adjudication or dismissal of the petition, a court of bankruptcy, the question involved not being that of jurisdiction to enforce the bankruptcy act, cannot determine the effect a discharge will have upon an action pending or a judgment rendered by another court, prior to the bankruptcy, but such question must be determined by application to the court having jurisdiction.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 767.]

In Bankruptcy. In the matter of the bankruptcy of Samuel G. Lockwood. Application to restrain the sheriff from levying a body execution upon the bankrupt pending time within which the question of the discharge could be litigated, etc. Motion granted for a period in order to allow the bankrupt to apply to the state court for appropriate remedy to determine the effect of his discharge.

See, also, 240 Fed. 158.

Maires, Maddox & Maires, of Brooklyn (Samuel Evans Maires, of Brooklyn, N. Y., of counsel), for bankrupt.

Philip S. Dean, of New York City., for objecting creditor.

CHATFIELD, District Judge.   An application has been made to restrain the sheriff from levying a body execution upon the judgment debtor, pending the time within which an application for discharge could be made, the question of the discharge litigated, and the proceedings in bankruptcy carried on to a point where the bankrupt would not be harassed and interfered with in his bankruptcy proceedings by the process in the hands of the sheriff.   A temporary stay, pending the determination of the motion, was granted, and the motion has been submitted.   Discharge has just been allowed to the bankrupt, and the bankruptcy hearings have in general been concluded.

[1] The protection afforded by section 9 (which provides that a bankrupt shall be exempt from arrest upon civil process unless issued upon a debt or claim from which his discharge in bankruptcy would not be a release, and even in such case exempting the bankrupt from arrest when in attendance upon the court of bankruptcy) should not be extended (after adjudication and the examinations or attendance of the bankrupt have been completed) beyond a reasonable time for the bankrupt to make application for discharge, and, if that is granted, to apply to such court as may have jurisdiction for relief or protection from the effect of the order of arrest, if process thereunder be still outstanding against him.

[2] This court cannot, upon this application, determine what the state court should decide with reference to the dischargeability of the bankrupt from this particular debt.   On the contrary, even if the debt be not dischargeable, the protection granted by section 9 should be and has been given.   Nor can a stay under section 11 of the bankruptcy statute delay the prosecution of a suit longer than the determination of his application for discharge.   When discharge is granted, it may be pleaded as a defense to any proceeding upon the debt.   The scope of the discharge will be in issue if the defense is contested, and cannot be established collaterally by a dictum of the court granting the discharge.   In re Mussey (D. C.) 99 Fed. 71.   If the question involved were that of jurisdiction to enforce the bankruptcy law (In re Hicks [D. C.] 133 Fed. 239), or to administer the estate and to protect the bankrupt free from claims vacated or made void by the adjudication (In re Obergfoll, 239 Fed. 850, —— C. C. A. ——, decided January 16, 1917, Second Circuit), the general provisions of the statute would apply (section 2, subd. 15, Bankruptcy Statute).   But the court can retain control of the bankrupt only to carry out the law, and not to prevent litigation in courts which have jurisdiction to litigate.

Motion granted for a definite period to be stated in the order when settled, in order to allow the bankrupt to apply to the state court for the appropriate remedy to bring up the question of the effect of his discharge.