In re BOARDWAY.

(District Court, N. D. New York.   March 17, 1918.)

BANKRUPTCY ⊂⊃391(3), 435—DISCHARGE—WAIVER.

Where a bankrupt, though duly served in an action on a claim barred by his discharge, defaulted, and did not interpose as a defense the discharge, the court of bankruptcy cannot enjoin enforcement of the judgment of the New York state court, for, unless pleaded, the defense of discharge is waived; hence the bankrupt, if entitled to any relief, must resort to the method prescribed by Code Civ. Proc. N. Y. § 1268, now Debtor and Creditor Law (Consol. Laws, c. 12), § 150.

In Bankruptcy.   In the matter of the bankruptcy of George Boardway.   On motion to vacate an ex parte order restraining the collection and enforcement of a judgment against the bankrupt recovered by default, after his discharge, on a claim which existed prior to his bankruptcy and which had been discharged by the general order. Motion granted.

Motion to vacate an ex parte order restraining the collection and enforcement of a judgment against the said George Boardway, recovered by default after his discharge in bankruptcy on a claim against him which existed prior to his bankruptcy and was provable and dischargeable in bankruptcy, and which claim was discharged by the general order, etc., discharging him from all his provable debts, notice of all proceedings having been given to the claimant, and the claim having been duly scheduled.

Thos. R. Tillott, Jr., of Schenectady, N. Y., for judgment debtor.
Del B. Salmon, of Schenectady, N. Y., for judgment creditor and bankrupt.

RAY, District Judge.   The judgment debtor, George Boardway, was duly adjudicated a bankrupt in this court and duly filed his schedules, which included the claim of the judgment creditor, David H. O'Brien, whose address was properly and correctly given, and who was duly notified of all proceedings in the bankruptcy matter.   O'Brien's claim was one provable in bankruptcy.   In due time Boardway filed his application for a discharge, and the usual proceedings were had and notice duly given to all creditors, including O'Brien.   There being no appearances or objection, Boardway was discharged, and the usual order made and entered, and a discharge issued.

Thereafter O'Brien sued Boardway on such claim, one provable in bankruptcy, in the City Court of the city of Schenectady, N. Y., and process was duly served.   Boardway did not appear, and O'Brien took judgment on such claim by default, and issued execution, and has garnisheed Boardway's wages.   The said judgment has not been opened or vacated.   Application was made, ex parte, to this court for an order enjoining further proceedings on the judgment and on the garnishee proceedings, and all the facts not appearing, and this court assuming the bankruptcy proceedings to be pending, and that the judg-

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ment was obtained prior to adjudication, granted the stay. The judgment creditor, O'Brien, moves to vacate such injunction order.

The motion to vacate must be granted. The bankruptcy proceeding was commenced in June, 1916, and the discharge was granted November 6, 1917. The estate was closed, and the bankruptcy proceedings ended, prior to suit brought on such claim and prior to the obtaining of such judgment. The jurisdiction of this court ended with the closing of the estate. Whether or not said O'Brien, when he brought suit, had a claim on which he could sue and obtain judgment in the City Court, is not for this court to decide. He sued and obtained a judgment after the bankruptcy proceedings were closed, which is in full force, and no bankruptcy proceedings are now pending. Boardway, when sued, might have appeared in the City Court and there pleaded his discharge in bankruptcy and defeated the suit, assuming the facts to have been as stated; but this he did not do. This court has no power to interfere with the enforcement of that judgment. If, after bankruptcy proceedings are ended, a creditor sues the bankrupt on a claim which has been discharged, he may appear and plead and prove his discharge, and it will be a complete defense. If he does not appear, but allows judgment by default, the court in bankruptcy is powerless to grant any relief. The remedy of Boardway, if any, is under section 1268 of the New York Code of Civil Procedure. That section provides:

"At any time after one year has elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply, upon proof of his discharge, * * * for an order, directing the judgment to be canceled and discharged of record. If it appears upon the hearing that he has been discharged from the payment of that judgment *or the debt upon which such judgment was recovered,* an order *must* be made directing said judgment be canceled and discharged of record."

In Walker v. Muir, 194 N. Y. 420, 87 N. E. 680, the Court of Appeals of New York has decided that this section of the Code applies to a case where the judgment is upon a debt which has been discharged in bankruptcy. In that case the suit was commenced before the bankruptcy proceedings were instituted, but judgment was not entered until after discharge. It may be the state courts will hold that section 1268 of the Code of Civil Procedure has no application to a case where suit on the claim discharged in bankruptcy is commenced after the discharge was granted and default is taken; defendant not appearing or pleading his discharge. But that is for the state court, and not this court, to decide.

In West Phil. Bank v. Gerry, 106 N. Y. 467, 472, 13 N. E. 453, it was decided that a judgment is but a new form of the old debt. See, also, remarks of the court in Walker v. Muir, 127 App. Div. 164, 111 N. Y. Supp. 465. In any event this court has no jurisdiction to grant the order after the bankruptcy proceedings were terminated. It would seem that, to make the discharge in bankruptcy available, it must be pleaded, and that the right may be waived. Schreiber v. Garden, 152 App. Div. 817, 137 N. Y. Supp. 747; Herschman v. Justices, etc., 220 Mass. 137, 107 N. E. 543; In re Nuttall (D. C.) 201 Fed. 557, and 7 C. J. 414, and cases cited.

Motion granted.