### HOWE v. NOYES.

#### (Supreme Court, Appellate Term. May 3, 1905.)

BANKRUPTCY—DISCHARGE—CANCELLATION OF JUDGMENT.

    A judgment rendered against a defendant, setting up in defense to the action his discharge in bankruptcy, cannot be discharged of record on defendant's application under Code Civ. Proc. § 1268, providing for the discharge of judgments, on it appearing that defendant has been discharged in bankruptcy from payment of the judgment, it being applicable only to judgments entered before a discharge.

Appeal from City Court of New York, Special Term.

Action by Katie E. Howe against George S. Noyes. Judgment for plaintiff. From an order denying a motion for the discharge of the judgment of record, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and LEVENTRITT and GREEN-BAUM, JJ.

Griggs, Baldwin & Baldwin (David M. Dean and Martin Conboy, of counsel), for appellant.

Steuer & Hoffman (Henry A. Friedman, of counsel), for respondent.

GREENBAUM, J. The defendant procured his discharge in bankruptcy in May, 1901. In July, 1904, plaintiff commenced this action based upon a debt incurred in 1899. The sole defense relied upon was the discharge in bankruptcy, which was duly pleaded. To·avoid the effect of the plea so interposed by defendant, the plaintiff averred the fraud of defendant in contracting the debt, and upon the issue of fraud thus raised the jury found in favor of plaintiff, whereupon the judgment now sought to be canceled was entered on October 24, 1904. The theory upon which the issue of fraud was raised and the action tried was that a discharge in bankruptcy did not constitute a defense to an action upon contract where the debt was created by fraud, under the authority of Frey v. Torrey, 175 N. Y. 501, 67 N. E. 1082. No appeal was taken from the judgment. Since the entry of judgment, the United States Supreme Court, in Crawford v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. ——, has overruled Frey v. Torrey, supra, by holding, in effect, that debts contracted through fraud are provable claims and dischargeable under section 17 of the bankruptcy law as it existed ·before the amendment of 1903 (Act July 1, 1898, c. 541, 30 Stat. 550, 551 [U. S. Comp. St. 1901, p. 3428]), unless prior to the filing of the petition in bankruptcy a judgment establishing fraud in contracting the debt has been obtained. Having been defeated in his defense, the defendant, now that the authority of Frey v. Torrey has been overruled by the Supreme Court of the United States, seeks to overcome the effect of the judgment by resort to the summary method for canceling a judgment upon proof of the discharge in bankruptcy of the judgment debtor provided by section 1268 of the Code of Civil Procedure. In Revere Copper Company of Boston v. Dimock, 90 N. Y. 33, the plaintiff commenced an action in the superior court of Massachusetts before the defendant was adjudicated a bankrupt, and upon defendant's default a judgment was entered against him subsequent to his discharge in bankruptcy. An action was brought in this state upon the Massachusetts judgment, and the discharge in bankruptcy was pleaded as a defense. It was held that the discharge was not a bar; that the defense, if it existed before entry of judgment, was then available; and "that defendant can no more prove a discharge in bankruptcy granted before its entry than he could be allowed to prove payment or a release pending the action." "The judgment imports absolute verity, and cannot be contradicted by proof that the debt for which it was entered was not justly due." To same effect, see Sands v. Perry, 38 Hun, 268. In the latter case it was expressly held that section 1268 of the Code had reference only to judgments entered before the discharge in bankruptcy. Section 1268 of the Code, however, as it stood when Sands v. Perry, supra, was decided, provided, inter alia: "If it shall appear to the court that he has thus been discharged from the payment of such judgment, the court may order and direct that such judgment be discharged and satisfied," etc.; whilst section 1268 now reads: "If it appears upon the hearing that he has been discharged from the payment of that judgment or the debt upon which said judgment was recovered, an order must be

made directing said judgment be cancelled and discharged of record." Just why the words "or the debt upon which said judgment was recovered" were incorporated in the present section it is difficult to comprehend. It is evident that section 1268 could only have been designed as a summary method of procuring a cancellation of a judgment rendered before a discharge in bankruptcy, because in all cases where judgment has not been perfected before a discharge the debtor is in a position upon his discharge to plead that fact as a bar to a recovery of judgment, and thus obtain full and complete advantage of his discharge in bankruptcy. But it seems to me that no other effect can be given to section 1268 than that it is only applicable to judgments entered before a discharge in bankruptcy, for the reason that any other holding would conflict with the doctrine of res adjudicata. The defense of a discharge in bankruptcy is assuredly available in an action for a debt dischargeable in bankruptcy, and it needs no citation of authorities to convince one familiar with legal rules that a final adjudication of the issue raised by such a defense is conclusive between the parties, and hence may not be considered in any subsequent action, proceeding, or motion to defeat the effect of the judgment. Indeed, defendant evidently recognized the soundness of the views here presented in interposing the defense of a discharge in bankruptcy. His remedy, when defeated, was by appeal, and his failure to avail himself of this right is an acquiescence in the judgment. It may appear to be a hardship to him to learn, when too late to be of use, that the decision of the highest court of this state, which was authority when the judgment was entered, was thereafter overthrown by a higher tribunal; but he must bow to the rule of expediency that recognizes the fallibility of human judgment and the divergent conclusions which different minds will reach. As was said in Miller v. Tyler, 58 N. Y. 480:

"A contrary doctrine would lead to the absurd necessity of correcting and modifying all judgments, whether existing and in force or satisfied and fully executed, upon the enunciation by a court of superior authority of a doctrine in conflict with and legally subversive of the principles upon which they are rendered. If judgments are erroneous, they can only be reversed, or modified by error or appeal in the mode prescribed by law."

Order affirmed, with costs and disbursements. All concur.