GERTRUDE WALKER, Appellant, *v.* WILLIAM MUIR, Respondent.

**Bankruptcy** — effect of discharge in bankruptcy — **Code Civ. Pro.** § 1268, as amended by **L. 1899, ch. 602.**

The purpose of the amendment to section 1268 of the Code of Civil Pro- ·cedure (L. 1899, ch. 602) by which a bankrupt became entitled to have a judgment against him canceled by proof that he had been discharged from "the debt upon which such judgment was recovered," was to provide a summary method of canceling judgments obtained after, as well as before, a discharge in bankruptcy.

When a judgment, sought to be canceled under this section, is founded upon a debt which was provable in bankruptcy and included in the schedule of debts from which the bankrupt has been discharged, the court "*must*" make an order directing the judgment to be canceled and discharged of record.

*Walker* v. *Muir,* 127 App. Div. 163, affirmed.

(Submitted February 11, 1909; decided March 2, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 25, 1908, which reversed an order of Special Term denying a motion for the discharge of record of a judgment under section 1268 of the Code of Civil Procedure.

In the year 1900 the plaintiff obtained a judgment by default against the defendant in an action founded upon a claim for legal services. Thereafter, in 1902, the default was opened and plaintiff directed to serve a complaint. Then the defendant again defaulted. Thus the matter stood, when he filed a petition under the Federal Bankruptcy Act, and on January 5th, 1904, he obtained his discharge in bankruptcy. Thereafter, in September, 1906, the plaintiff entered judgment upon the default made by the defendant in 1902.

In April, 1908, the defendant made a motion under section 1268 of the Code of Civil Procedure to have the judgment against him discharged and canceled of record. It appears, from the papers upon which the motion was made, that the debt upon which the judgment had been obtained had been

enumerated in the schedules filed in the bankruptcy proceeding, and that the defendant had been discharged from the obligation of the debt. The Special Term denied the motion, but upon appeal to the Appellate Division that decision was reversed, and the plaintiff now appeals to this court.

*William Armstrong* for appellant. Section 1268 of the Code of Civil Procedure is not applicable. Indisputably a judgment obtained subsequent to the discharge in bankruptcy is not within its purview. (*Howe* v. *Noyes*, 47 Misc. Rep. 338; *Boynton* v. *Ball*, 121 U. S. 457; *Revere Copper Co.* v. *Dimock*, 90 N. Y. 33; 117 U. S. 559; *Monroe* v. *Upton*, 50 N. Y. 593; Collier on Bankruptcy [3d ed.], 188; *McDonald* v. *Davis*, 105 N. Y. 509.)

*Herbert Peake* for respondent. Defendant's right to the discharge of said judgment is statutory, and the facts bring him within the statute. (Code Civ. Pro. § 1268.) The legislative intent was to give relief in the class of cases of which this is one. (*W. P. Bank* v. *Gerry*, 106 N. Y. 467; *Hussey* v. *Judson*, 43 Misc. Rep. 370.)

WERNER, J. The question presented by this appeal is whether a person against whom a judgment has been entered after his discharge in bankruptcy is entitled to an order discharging and canceling the judgment of record under the provisions of section 1268 of the Code of Civil Procedure in a case where the judgment was obtained upon a debt which had been scheduled in the bankruptcy proceeding. Section 1268 of our Code of Civil Procedure now provides that: "At any time after one year has elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of congress relating to bankruptcy, he may apply, upon proof of his discharge, * * * for an order, directing the judgment to be cancelled and discharged of record. If it appears upon the hearing that he has been discharged from the payment of that judgment, *or the debt upon which such judgment was recovered,* an

order *must* be made directing said judgment be cancelled and discharged of record."

The language of this section is mandatory and the facts of this case are expressly covered by it. It applies not merely to judgments, but to debts upon which judgments have been recovered. Prior to the year 1899 when the section was amended (L. 1899, ch. 602), its language was applicable only to judgments and did not cover debts upon which judgments had been recovered. As it then stood it provided that: "At any time after two years have elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of congress relating to bankruptcy, he may apply, upon proof of his discharge, * * * for an order, directing the judgment to be cancelled and discharged of record. *If it appears that he has been discharged from the payment of that judgment,* an order must be made accordingly." Under that statute it had been held by the General Term in the third department that the courts were not authorized to cancel a judgment entered after a discharge in bankruptcy even when it was founded upon a debt enumerated in the bankruptcy proceedings, and from the payment of which the bankrupt had been discharged. (*Sands* v. *Perry,* 38 Hun, 268.) The decision in the *Sands* case followed the ruling of this court in *Revere Copper Company* v. *Dimock* (90 N. Y. 33; affd., 117 U. S. 559). That was an action brought upon a judgment obtained by default in Massachusetts. Prior to the entry of that judgment the defendant had been discharged in bankruptcy, and the discharge included the debt upon which the judgment had been obtained. In an action brought in this state upon the Massachusetts judgment, the discharge was set up as a bar. It was held that the judgment was binding and conclusive until set aside; that the discharge was not a bar, and that the defendant should have applied to the Massachusetts courts to open the default and for leave to set up the discharge. In arriving at that conclusion this court suggested that the result would have been different if the judgment had been obtained between the time of filing

the petition in bankruptcy and the final discharge. In that event the discharge would have been a bar for it had previously been decided that a judgment is merely the old debt in a new form. (*Monroe* v. *Upton*, 50 N. Y. 593; *Clark* v. *Rowling*, 3 id. 216.) To the same effect is the subsequent decision in *West Philadelphia Bank* v. *Gerry* (106 id. 467).

This was the condition of the law upon this subject when section 1268 of the Code of Civil Procedure was amended into its present form. The appellant contends that the language of this section does not include judgments entered subsequent to the discharge in bankruptcy. To us it seems too obvious for extended discussion that if the legislature did not intend, by the amendment of 1899, to authorize the cancellation of a judgment recovered against a bankrupt after his discharge from the debt upon which the judgment was founded, there was no reason for the amendment. The statute in force prior to 1899 authorized the cancellation of a judgment against a bankrupt only upon proof of his *discharge from the judgment*. By the amendment of 1899 a bankrupt became entitled to have a judgment against him canceled upon proof that he had been discharged from "*the debt upon which such judgment was recovered.*" When we consider the phraseology of the amended section in connection with the decisions prior to 1899, it is apparent that the only purpose for which the legislature could have thus amended the statute was to provide a summary method of canceling judgments obtained after, as well as before, a discharge in bankruptcy. This construction gives to the words which constitute the amendment their plain and ordinary meaning and effect. To uphold the appellant's contention, we would have to regard the amendatory language as meaningless, and that would be the equivalent of holding that the section had not been amended at all. The judgment sought to be canceled being founded upon a debt which was provable in the bankruptcy proceedings and included in the schedule of debts from which the bankrupt had been discharged, the case is clearly one in which the

court "*must*" make an order directing the judgment to be canceled and discharged of record.

It follows that the order of the Appellate Division was right and should be affirmed, with costs.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Order affirmed.