LAWRENCE RUKEYSER, Appellant, v. CLIFFORD LeP. TOSTEVIN,
Respondent, Impleaded with HULL, GRIPPEN & COMPANY,
Appellant, and FOUNTAIN & CHOATE, INC., and Others,
Defendants.

First Department, July 3, 1919.

**Bankruptcy — discharge — right to have judgment entered after
discharge canceled — Debtor and Creditor Law, section 150,
construed.**

A bankrupt is entitled, by the mandatory terms of section 150 of the Debtor
and Creditor Law, to an order discharging and canceling a judgment
of record in an action on a dischargeable debt, although said action was
not commenced and said judgment was not entered until after the discharge
in bankruptcy.

APPEALS by the plaintiff, Lawrence Rukeyser, and by the
defendant, Hull, Grippen & Company, from an order of
the Supreme Court, made at the New York Special Term and
entered in the office of the clerk of the county of New York
on the 10th day of May, 1919, resettling a prior order canceling
and discharging of record certain judgments against the
defendant Clifford LeP. Tostevin.

*Manton Marks,* for the plaintiff, appellant.

*Wilbur F. Earp,* for the defendant, appellant.

*Robert H. Grimes* of counsel [*Ingraham, Sheehan & Moran,*
attorneys], for the respondent.

PAGE, J.:

On November 15, 1916, Tostevin was duly adjudicated a
bankrupt. Prior to that time he had incurred the obligations
upon which the judgments herein were based, and these obliga-
tions were duly scheduled by the bankrupt. On March 1,
1917, the Bankruptcy Court by order permitted plaintiff,
appellant, to make Tostevin and the trustee in bankruptcy
defendants in this action. On March 26, 1917, an order was
entered in the United States District Court discharging
Tostevin from all debts and claims which existed on the 15th

day of November, 1916. Included in such discharge were the debts upon which these judgments were obtained. On April 13, 1917, the summons and complaint in this action were served on Tostevin. He made default. Judgment, however, was not entered against Tostevin until February 14, 1919. Tostevin made a motion at Special Term on April 14, 1919, for an order canceling the said judgments. On May 10, 1919, a resettled order was entered granting the motion, from which order this appeal is taken. Section 1268 of the Code of Civil Procedure read prior to its amendment: " At any time after two years have elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him, for an order, directing the judgment to be cancelled and discharged of record. If it appears that he has been discharged from the payment of that judgment, an order must be made accordingly." (See Laws of 1876, chap. 448, § 1268.)

It has been held that the section only applied to judgments that had been entered prior to the discharge. (*Revere Copper Co.* v. *Dimock,* 90 N. Y. 33; affd., 117 U. S. 559; *West Philadelphia Bank* v. *Gerry,* 106 N. Y. 467.) As to any action pending but not reduced to judgment prior to the discharge or action brought on a debt discharged subsequent thereto it would be necessary for the defendant to plead the discharge and not having done so the defense would have been waived and the judgment could not be canceled.

In 1899 the section was amended (Laws of 1899, chap. 602) by changing the time after which the application could be made to one year and inserting in the last sentence as above quoted after " judgment " the words " or the debt upon which such judgment was recovered." The section was otherwise materially amended. In construing the section as amended the Court of Appeals said: " When we consider the phraseology of the amended section in connection with the decision prior to 1899, it is apparent that the only purpose for which the Legislature could have thus amended the statute was to provide a summary method of canceling judgments obtained after, as well as before, a discharge in bankruptcy." (*Walker* v. *Muir,* 194 N. Y. 420, 423.) This

case it must be held overruled *Howe* v. *Noyes* (47 Misc. Rep. 338), upon which appellants rely.

In a recent case in the Massachusetts Supreme Court, holding that where the debt was duly scheduled and an action was brought thereon after the discharge in bankruptcy, the sole remedy of the defendant was to plead his discharge, the court said: " * * * if we had a statute providing that, if at any time after a year had elapsed since a bankrupt was discharged from his debts he might apply upon proof of his discharge for an order directing the judgment to be cancelled of record a different question would be presented." (*Herschman* v. *Justices of Municipal Court,* 220 Mass. 137, 141, citing *Walker* v. *Muir, supra.*)

There can be no doubt that section 1268 of the Code, which is now section 150 of the Debtor and Creditor Law (Consol. Laws, chap. 12; Laws of 1909, chap. 17), applies to the case under consideration and that it is mandatory upon the court to grant an order canceling and discharging the judgment of record where it appears that the debt upon which the judgment was recovered had been discharged.

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and PHILBIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.