In the Matter of the Application of CLYDE L. THRALL, to Cancel of Record a Judgment Entitled: ALBERT B. SHELDON *v.* CLYDE L. THRALL.

County Court, Chautauqua County, January 28, 1931.

*Freeman L. Morris,* for Albert B. Sheldon, judgment creditor.

*Arthur E. Laudenslager,* for Clyde L. Thrall, judgment debtor.

OTTAWAY, J.   The judgment debtor, Clyde L. Thrall, heretofore caused a bond and mortgage to be assigned to Albert B. Sheldon. By the terms of the assignment the said Thrall and another guaranteed the payment of the said bond and mortgage.   Thereafter Thrall became bankrupt and was discharged in bankruptcy. The schedules presented with his petition contained this statement:

"The petitioner is liable for deficiency on various mortgages as follows:

"Albert B. Sheldon, Sherman, N. Y.

"Etc."

Usual notice to creditors seems to have been sent to Albert B. Sheldon thereunder. Nothing was due and unpaid on said bond and mortgage at that time.

Later still the mortgagor defaulted and finally the mortgage was foreclosed and resulted in a substantial deficiency judgment against Thrall.

Thrall moves under section 150 of the Debtor and Creditor Law (as amd. by Laws of 1922, chap. 77) for an order canceling the judgment of record on the ground that the debt was discharged in bankruptcy.

The bankrupt is entitled by the mandatory terms of this section to an order discharging and canceling a judgment of record in an action on a dischargeable debt although said action was not commenced and said judgment was not entered until after the discharge in bankruptcy. (*Rukeyser* v. *Tosevin*, 188 App. Div. 629.)

This order must be granted, therefore, if the debt on which the default judgment was granted was a "dischargeable debt."

Was it so dischargeable?

The obligation evidenced by the assignment of the mortgage was so far as Thrall was concerned one in pure guaranty. It was an obligation to pay the debt secured by this mortgage if the mortgagor did not pay. Until the mortgagor failed to pay it could not be enforced against Thrall. Recourse to the security was here had before any effort was made to compel Thrall to pay. Thrall's obligation was one in suretyship to pay in case the mortgagor did not. The amount he was to pay was limited by the terms of the bond and mortgage and assignments relating thereto. Under no circumstances could it be for a larger amount than those terms provided. It might be for a much less amount. It would only be for so much of the total amount as the mortgagor failed to pay. It was, nevertheless, a fixed definite obligation at all times to pay what the mortgagor did not pay and the mortgagor's obligation was likewise at all times definite and certain.

Section 150 of the Debtor and Creditor Law (as amd. by Laws of 1922, chap. 77) provides in substance that the judgment must be canceled if the bankrupt has been discharged from the payment of the debt on which the judgment was recovered.

Under section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35) a final discharge in bankruptcy relieves the bankrupt from all "provable debts."

Section 63 (U. S. Code, tit. 11, § 103) of the same act defines provable debts as those which are " (1) A fixed liability, as evidenced by * * * an instrument in writing, absolutely owing * * * whether then payable or not * * * (4) founded upon an open account or upon a contract express or implied."

The act further provides that " unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct and may, therefore, be proved and allowed against the estate."

It seems that it is not important that the obligation is to pay in the future or whether the debt is at the moment " payable or not." It may even be an unliquidated debt and require an order of the court to fix the amount.

It must be equally unimportant that the obligation may be reduced by payments made by another (as by the payments here to be made by the mortgagor).

The obligation of the bankrupt Thrall was, it seems to us, definitely fixed as a liability for the whole amount of the mortgage if the mortgagor did not pay. The assignment and guaranty was definite and in no sense uncertain. It created a debt which was absolutely owing. It was, of course, a debt fixed and clearly evidenced by an express written contract.

The obligation under express contract was clear and fixed. The extent of this obligation might be gradually reduced but the obligation was not created by the mortgagor's default; it was created by the written contract and existed at the time of the proceedings in bankruptcy.

Under these rules it seems to us that the obligation in question was a provable debt. Being a provable debt it was discharged in bankruptcy and the motion here made must be granted canceling this judgment.

Motion granted, without costs.