THE COURT.
Plaintiff sued defendants in the Municipal Court on an open book account for medical services rendered. The defendant Martin Seiveno thereafter filed his petition in bankruptcy, listing this debt, was adjudged a bankrupt and thereafter duly obtained his discharge. Subsequently plaintiff took default judgment in the suit against both the defendants. More than one year after the bankrupt Martin Seiveno was discharged from his debts he made a motion in the Municipal Court for an order directing that the judgment be cancelled and discharged of record as to him pursuant to section 675b, Code of Civil Procedure. From an order refusing to grant such discharge he appeals.
Our attention is called by respondent to the case of Revere Copper Company v. Dimock, 90 N. Y. 33, affirmed in Dimock v. Revere Copper Co., 117 U. S. 559 [6 Sup. Ct. 855, 29 L. Ed. 994], What was there involved was the construction of section 1268 of the New York Code of Civil Procedure which then, in so far as we need here refer to it reads:
“DISCHARGE OF A JUDGMENT AGAINST A BANKRUPT. At any time after two years have elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him, for an order, directing the judgment to be cancelled and discharged of record. "If it appears that he has been discharged from the payment of that judgment, an order must be made accordingly; and thereupon the clerk must cancel and discharge the docket thereof, as if the proper satisfaction-piece of the judgment was filed.”
It was held that this statute only applied to judgments that had been entered prior to the discharge. As to any action pending but not reduced to judgment prior to the discharge or action brought on a debt discharged, subsequent thereto, it would be necessary for the defendant to plead the discharge and, he not having done so, the defense would have been waived and the judgment could not be cancelled. Subsequently the New York statute was amended. The amendment involved inter alia the deletion therefrom of the words:
“If it appears that he has been discharged from the payment of that judgment. ...” and substituting therefore the words:
*Supp. 961 ‘1 If it appears upon the hearing that he has been discharged from the payment of that judgment or the debt upon which such judgment was recovered ...”
In construing the amended statute the New York Court of Appeals in Walker v. Muir, 194 N. Y. 420, 87 N. E. 680, said:
“When we consider the phraseology of the amended section in connection with the decisions prior to 1899, it is apparent that the only purpose for which the legislature could have thus amended the statute was to provide a summary method of canceling judgments obtained after, as well as before, a discharge in bankruptcy.” (Italics ours.)
Our statute (sec. 675b, Code Civ. Proc.) is substantially identical with the New York statute as so amended and was in all probability suggested by it. The facts in the instant case are indistinguishable from the facts involved in Walker v. Muir, supra, and it was said in Rukeyser v. Tostevin, 188 App. Div. 629 [177 N. Y. Supp. 291, 292] :
“There can be no doubt that section 1268 (New York Code of Civil Procedure) applies to the case under consideration, and that it is mandatory upon the court to grant an' order canceling and discharging the judgment of record where it appears that the debt upon which the judgment was recovered had been discharged.”
 We think that our section 675b, Code of Civil Procedure, is mandatory, from which it follows that the trial court should have granted the motion and entered an order that the judgment be cancelled and discharged of record.
The order appealed from is reversed and the municipal court is directed to grant the motion and make and enter an order that the judgment be cancelled and discharged of record.