## EVANS et al. v. DEARBORN MACHINERY MOVERS CO., Inc.

### No. 11515.

United States Court of Appeals
Sixth Circuit.

Nov. 28, 1952.

As Corrected Jan. 14, 1953.

126

Guy G. Bratton, Detroit, Mich. (Herman A. August and Lewis Brooke, Detroit, Mich., on the brief), for appellee.

Isaac M. Smullin and O'Brien & Nertney, Detroit, Mich., on the brief, for appellant.

Before SIMONS, Chief Judge, and HICKS and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

Appellant seeks review of an order of the district court enjoining him from prosecuting a suit against the Dearborn Machinery Movers Co., Inc., appellee herein, in the Circuit Court of Wayne County, Michigan, or in any other court, either at law or in equity. Appellee, prior to the institution of such suit, had completed its reorganization in the district court under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. . .

Appellant was not listed as a creditor and did not participate in the reorganization proceedings as such, although during their pendency, the trustees, by authority of the district court, made settlement with appellant for rent due by him to appellee. The district court found that, at that time, appellant must have become aware that reorganization proceedings were pending, and that he made no claim for damages against the appellee corporation notwithstanding that he should then have known of any damages for the recovery of which he might, in the future, make claim.

The damages upon which appellant relied, in the state court, arose out of alleged negligence and breach of contract on the part of appellee caused by improper storage of a large quantity of Silica Gel owned by appellant, which he claimed had been left exposed to the elements, with the result that he was later obliged to sell the material for salvage value only.

In its order of confirmation and for consummation of the Plan of Reorganization, the district court directed that, upon the entry of its order, all property and assets of appellee debtor, of whatever nature and description, dealt with by the Plan should be and become vested by operation of law in the debtor, in accordance with the provisions of Section 70 of the Bankruptcy Act, 11 U.S.C.A. § 110, and that no formal transfer thereof would be necessary. The order further recited: "Thereupon all said property, assets and business of the Debtor shall be returned to the Debtor, and that the same shall be free and clear of all claims and interests of the Debtor's creditors and stockholders, except only such claims and interests as are specifically provided for in the Plan of Reorganization, as amended, or in this order confirming the Plan." The claim of appellant was not one of those specifically excepted in the above provision of the order. Thereafter, a final decree was entered by the district court discharging the debtor of all of its debts and liabilities, with exceptions not here pertinent, and decreeing that "any and all persons, firms, or corporations having any claim based upon any debt or liability which have been and are discharged under the provisions of Chapter X of the Bankruptcy Act or of this Decree be, and they hereby are forever restrained and enjoined from prosecuting, either at law or in equity, any claim against

the Debtor based upon such discharged debt or liability."

Approximately two weeks after the entry of the above decree, appellant instituted his suit at law in the Circuit Court for the County of Wayne, State of Michigan, for the damages above mentioned; and appellee thereupon filed a petition for an order to show cause why appellant should not be restrained from taking and instituting any further proceedings in connection with the suit. In answer to the order to show cause, appellant claimed that he was a stranger to all of the proceedings referred to in the petition; that he had no knowledge of the reorganization proceedings; that he was not listed as a creditor; that he was not served with any process in said proceedings, and did not voluntarily submit to the same; that the district court, therefore, acquired no jurisdiction over him for any purpose whatsoever; and that appellee's remedy was to plead the decrees entered in the reorganization proceedings as a defense in the state court suit.

In Title 11 U.S.C.A. § 624, with respect to corporate reorganizations under Chapter X of the Bankruptcy Act, it is provided:

"*Effect of confirmation*

"Upon confirmation of a plan—

"(1) the plan and its provisions shall be binding upon the debtor, upon every other corporation issuing securities or acquiring property under the plan, and upon all creditors and stockholders, whether or not such creditors and stockholders are affected by the plan or have accepted it or have filed proofs of their claims or interests and whether or not their claims or interests have been scheduled or allowed or are allowable".

A consummated reorganization plan in bankruptcy is binding even as against creditors who are not scheduled and who did not know of the proceedings. North American Car Corp. v. Peerless Weighing & Vending Mach. Corp., 2 Cir., 143 F.2d 938. See also Mohonk Realty Corp. v. Wise Shoe Stores, Inc., 2 Cir., 111 F.2d 287. Appellant's claim that he was a stranger to the proceedings referred to in the petition, that he had no knowledge of the reorganization and was not listed therein as a creditor or served with process, and did not voluntarily submit to the jurisdiction of the court, is, therefore, no defense to the petition for injunctive relief.

It is further contended by appellant that there was no reservation of jurisdiction by the district court in the final decree in the reorganization proceedings, and that, accordingly, it was without jurisdiction to entertain these proceedings for relief and to enter an order therein after the conclusion of the reorganization proceedings. Appellee, the debtor in the reorganization proceedings, had obtained a full discharge of all debts provable. The final decree in the reorganization proceedings had expressly stated this fact, and specifically enjoined any and all persons, firms, or corporations having any claim based upon any debt or liability which had been and was discharged, from prosecuting, either at law or in equity, any claim against appellee based upon such discharged debt or liability.

The district court, in the instant case, pointed out that the reorganization proceedings did not constitute merely "a plain bankruptcy adjudication." It declared that the bankrupt's interests were not alone to be considered but that the efforts of many persons to salvage an otherwise defunct organization were of transcendent importance. It is not in every case that the bankruptcy court is bound to exercise its jurisdiction to issue injunctive relief against the maintenance of suits against a bankrupt debtor. See Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230. However, where it is necessary to prevent the defeat or impairment of its jurisdiction, a court of bankruptcy clearly has the power to issue injunctive process against creditors of the bankrupt. See Holmes v. Rowe, 9 Cir., 97 F.2d 537.

In the statute setting up courts of bankruptcy and defining their jurisdiction and powers, it is provided that they are invested with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, in the adjudication of persons as

bankrupts, as to the claims against their estates, the administration thereof, and in the other well known incidents of bankruptcy jurisidction, as well as to "make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this title"; Title 11 U.S.C.A. § 11, sub. a(15). A court of bankruptcy has jurisdiction of proceedings ancillary to the original proceedings, in the same court, to secure or preserve the fruits and advantages of a judgment or decree rendered therein. Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230. Such court may enjoin the prosecution of an action in a state court where facts are averred and established showing that such relief is necessary to effectuate its orders of adjudication and discharge. Beneficial Loan Co. v. Noble, 10 Cir., 129 F.2d 425. See also Seaboard Small Loan Corp. v. Ottinger, 4 Cir., 50 F.2d 856.

It is provided in Chapter X of the Bankruptcy Act relating to corporate reorganizations that the district judge, in the final decree of the court, on consummation of the plan, shall not only discharge the debtor from all its debts and liabilities, with certain exceptions not here relevant, but also discharge the trustee, close the estate, and make such provisions by way of injunction or otherwise as may be equitable. Title 11 U.S.C.A. § 628. Such injunction is for the purpose of protecting the decree. See Mar-Tex Realization Corp. v. Wolfson, 2 Cir., 145 F.2d 360. The jurisdiction which a bankruptcy court may retain to protect its decree in corporation reorganization proceedings after final confirmation of the plan of reorganization is auxiliary to that of confirming the reorganization plan. Clinton Trust Co. v. John H. Elliott Leather Co., 2 Cir., 132 F.2d 299; and it has jurisdiction under the Bankruptcy Act to enjoin action in the state courts by a corporate debtor's preferred stockholders for the purpose of determining whether the directors, in making stock distributions, had acted in conformity with the approved plan of reorganization, notwithstanding that there was no express reservation of jurisdiction by final decree in the reorganization proceeding. Shores v. Hendy Realization Co., 9 Cir., 133 F.2d 738. In corporate reorganization proceedings, the original stay of action in a state court against the corporation is properly superseded by a permanent stay on final decree; and in such proceedings, the bankruptcy court may properly stay court proceedings which interfere with its exclusive jurisdiction and violate its express orders. Mar-Tex Realization Corp. v. Wolfson, supra.

In this case, the district court, in its final decree in the reorganization proceedings, not only discharged appellee from any debt or liability due appellant, but enjoined appellant, as well as all other persons, firms, or corporations having claims against appellee, from prosecuting such claims in other courts.

When, therefore, appellant brought suit upon his claim against appellee in the state court, the district court, in issuing the injunction appealed from, did no more than act to secure and preserve for appellee the fruits and advantages of its decree, and to stay the state court proceedings which interfered with its exclusive jurisdiction and violated its prior express orders; and the order of the district court was entered only to afford full effect and protection to the explicit terms of adjudication and discharge in its final decree in the reorganization proceedings.

In consideration of the foregoing, the order of the district court is affirmed.

Judge HICKS participated in the hearing and decision of this cause, but died before the opinion was prepared.