Morton BRISKIN, Appellant,

v.

William B. WHITE, Appellee.

No. 17261.

United States Court of Appeals
Ninth Circuit.

Nov. 29, 1961.

Don Marlin, Los Angeles, Cal., for appellant.

Rolston & Fields, Beverly Hills, Cal., argued by Fred M. Rosenfeld, Beverly Hills, Cal., for appellee.

Before BARNES and HAMLIN, Circuit Judges, and TAVARES, District Judge.

BARNES, Circuit Judge.

This is an appeal from an order of the district court confirming the previous order of a referee in bankruptcy denying the relief sought by appellant and dismissing his application for an injunction. Jurisdiction below was founded upon 11 U.S.C.A. § 11, sub. a(15). This court has jurisdiction by virtue of 28 U.S.C. § 1291 and 11 U.S.C.A. § 47.

Morton Briskin is a motion picture and television producer and writer. White maintains an employment agency, placing people in the entertainment industry in motion picture and television studios. Briskin had employed White on contract, known as the "Guild Contract," covering agencies and persons in the entertainment industry. This provides, *inter alia,* if the agency does not find employment for the "artist" within four months the contract permits the artist to give the agency notice of discharge, in writing, whereupon the contract is terminated. Briskin purportedly served written notice upon

White discharging White as his agent and terminating their contract. White admitted the receipt of this notice prior to the bankruptcy proceedings. Because he had discharged White, Briskin did not list White as a creditor on his schedules filed in bankruptcy. White, however, maintained, before the California Labor Commissioner, that the discharge was ineffectual.

On August 5, 1956, a voluntary petition in bankruptcy was filed by Briskin. He was adjudicated a bankrupt on the same day, and the matter was referred to a referee for administration.

The first meeting of creditors was held on August 28, 1956, and the last date for filing objections to the bankrupt's discharge was set for October 9, 1956. No objections were filed and the bankrupt Briskin was duly discharged on October 10, 1956. As mentioned above White (doing business as William B. White Agency) was not listed in the bankrupt's schedules. The bankruptcy is still in the course of administration before the referee in bankruptcy.

On April 29, 1960, bankrupt Briskin filed a petition and order to show cause returnable before the referee to restrain White from proceeding with an action in the Superior Court of the State of California, in and for the County of Los Angeles, which State action was filed sometime after January of 1958; entitled "William B. White, doing business as the William B. White Agency v. Morton Briskin," No. 695234, and which was an action on the employment contract.

Prior to the filing of the above action in the Superior Court, White had made an attempt to collect his claim through the offices of the Labor Commissioner, Division of Labor Law Enforcement, Department of Industrial Relations of the State of California. This attempt was unsuccessful. The Labor Commissioner found that White was not entitled to recover from the bankrupt, Briskin, under the contract because the debt upon which the claim was founded had been discharged in bankruptcy due to the fact that claimant White, though not listed as a creditor in the bankrupt's schedules, nevertheless had knowledge of the bankruptcy preceedings within sufficient time to file his proof of claim therein and that he failed so to do.

Undaunted by this ruling of the Labor Commissioner, White filed the above mentioned action in the Superior Court. Briskin filed an answer to the complaint. When the matter was called for trial, pursuant to stipulation of the parties, a trial was held only on the affirmative defense which alleged that White's claim against Briskin had been discharged in bankruptcy. The Superior Court decided that White had had actual knowledge of the proceedings in bankruptcy at least two months before the last date to file his claim, and that such knowledge was not had until after the first meeting of the creditors and after the discharge of the bankrupt on October 10, 1956. (Tr. p. 20.)

Despite such findings, the Superior Court held the discharge in bankruptcy was *not* a defense to White's claim—which had not been scheduled by the bankrupt. Counsel for White was directed to prepare and serve partial findings of fact covering this issue and the action was to be set down for trial in the Superior Court on the remaining issues. This action brought Briskin to the federal courts, where he filed his petition and order to show cause to stay further proceedings in the state court. After hearing on the order to show cause, the referee denied the injunction sought by Briskin. In his certificate, the referee held:

"It is my conclusion that under the rule enunciated by the United States Supreme Court in the case of Local Loan Co. v. Hunt, 292 U.S. 234, [54 S.Ct. 695, 78 L.Ed. 1230] the circumstances in this case did not justify what I considered to be an unseemly interference by the Bankruptcy Court in a partially tried case before a state court, particularly where the bankrupt had joined issue in that court and had not exhausted his remedy by appeal in the

state courts before coming to the Bankruptcy Court for injunctive relief. I reached this result, even though I disagreed with the conclusion of the Superior Court as to the effect of the discharge in bankruptcy under the facts as they were found to exist by that court." (Referee's Certificate on Review, R. 14–15.)

The judgment of the referee was affirmed by the district court.

Appellant has specified three points on which he relies on this appeal:

1. The referee in bankruptcy erred in denying appellant's petition for an injunction.

2. The district court erred in confirming the referee's order denying appellant's injunction.

3. Both the referee and the district court erred in refusing to hold that, notwithstanding appellee's knowledge of appellant's bankruptcy well within the time to file a claim, appellee's claim was not barred, and specifically the referee erred when he adopted the findings of the Superior Court judge that appellee had ample time to file his claim in the bankruptcy proceeding while disagreeing with the Superior Court judge's legal conclusion.

Appellant urges (1) that appellee did, in fact, have actual knowledge of appellant's bankruptcy proceeding in advance of the last date for filing claims, (2) that an action based on a debt from which a bankrupt has been discharged is barred under California law, and (3) that a bankrupt is discharged from a provable debt if the creditor has actual knowledge of the bankruptcy proceeding even though the creditor had not been listed in the bankrupt's schedules. To all this this court might well agree; and all this would be relevant if this court were confronted with the issue of whether appellant had been discharged from the debt which appellee alleges is owed to him. But such issue is not before this court.

Hence, this argument and the authorities cited, are irrelevant.

The sole question before this court is whether or not the referee and the district court exercised a proper discretion in denying the injunctive relief for which appellant had petitioned.

In Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695 the Supreme Court affirmed the decree of a court of bankruptcy which enjoined the prosecution of a suit in a state court. However, the Court stated in that case that it was clear that the bankrupt's legal remedy was inadequate. The sole question there in issue had already been resolved by the state supreme court against the bankrupt's contention in another proceeding. The alternative to obtaining relief from the bankruptcy court, was to pursue a long and expensive course of litigation in his own state court case, beginning with intervention in a municipal court, then successive appeals through the state's courts of appeal culminating in an appeal to a state supreme court whose judgment *on the merits* of the question had [1] been predetermined. In the instant case, appellant fails to direct the attention of this court to any decision of the California courts which would indicate that his contention would be resolved against him. Indeed, appellant cites California cases which seem to clearly indicate that California would support his contention. Appellant's remedy in the state courts is not inadequate.

In the Local Loan Co. case, supra, the Court said:

"It does not follow, however, that the [bankruptcy] court was bound to exercise its authority. And it probably would not *and should not have done so except under unusual circumstances* such as here exist." (Emphasis added.) 292 U.S. 234 at page 241, 54 S.Ct. at page 698.

The judgment of the referee, supra, indicates that he did not find the circum-

1. In the Supreme Court opinion the word "not" here appears (292 U.S. p. 241, 54 S.Ct. p. 695). We believe the sense of the Supreme Court's decision is better understood with the word "not" eliminated.

stances of this case to be so unusual as to justify an interference by the bankruptcy court in a case which has been partially tried in a state court. This finding was confirmed by the district court. And as held by this court in Hudson v. Wylie, 9 Cir. 1957, 242 F.2d 435, 450:

> "[T]he findings of the Referee were approved by the District Court. We are of the opinion the record sustains the Referee's findings, and that they were properly sustained and approved by the District Court. The Referee's findings have the same dignity and carry the same weight as those of a special master, and will not be set aside unless clearly erroneous. Fed.Rules Civ.Proc. rules 52 (a) and 53(e)(2), 28 U.S.C.A. * * *."

See also: 8 Remington on Bankruptcy (6th Ed.) § 3443.

In a bankruptcy case, the scope of this court's review is limited to the record and to that which was presented below. United States v. Goggin, 9 Cir. 1951, 187 F.2d 530. From the record in this case, we cannot say the referee and the district court were clearly erroneous.

Though a bankruptcy court may enjoin the prosecution of an action in a state court where facts are averred and established showing that such relief is necessary to effectuate its order of adjudication and discharge (Local Loan Co., Inc. v. Hunt, supra; Evans et al. v. Dearborn Machinery Movers Co., Inc., 6 Cir. 1952, 200 F.2d 125), the bankruptcy court's power to issue injunctive relief is not mandatory but permissive, and should be exercised only in the sound discretion of the court (California State Board of Equalization v. Coast Radio Products, 9 Cir. 1955, 228 F.2d 520). And the right to a discharge in bankruptcy is addressed to the sound judicial discretion of the district court. With the exercise of such, the appellate court will not interfere, except in a case of gross abuse. Burchett v. Meyer, 9 Cir. 1953, 202 F.2d 920, 926; Hultman v. Tevis, 9 Cir. 1936, 82 F.2d 940. We cannot hold that either the bankruptcy referee or the district court abused their respective discretions in refusing to grant appellant the injunctive relief for which he petitioned.[2]

2. Despite the clear mandate which the above cases have imposed on this court, appellant appeals to the conscience of this court by arguing:

"Must a harassed bankrupt obligate himself to pay the cost of multifarious proceedings which must of necessity wind up in this Court after exhausting his remedies under state law when the question is here and can be simply determined upon the record before this court when the matter is not a question of state law, but of the proper interpretation of the Bankruptcy Act?

"Is it not particularly appropriate that this Court decide this question in a case where a claimant has deliberately evaded his duties and responsibilities under the Bankruptcy Act in order to take his chances of wearing out the bankrupt by the taking of multifarious proceedings in the state courts and gambling that the bankrupt's resources will not enable him to defend himself and correct the errors of the state tribunals?" (Op.Br. 21–22.)

Such an argument is appealing at first blush, but it ignores the relief available to the appellant in the state courts—relief to which appellant elected not to avail himself. If a debt, or a judgment founded on such a debt, was discharged in bankruptcy, the bankrupt need not appear and plead the discharge as an affirmative defense. Calif.Code Civ.Proc. § 675b requires the state court to discharge the debt or to cancel the judgment. Arganbright v. Seiveno, et al., 1940, 41 Cal.App.Supp.2d 959, 106 P.2d 253. Therefore, it seems (though we do not purport to decide) that appellant need not have appeared in the state action; he could have allowed the appellee's action to go by default and then sought the relief available under Section 675b of the California Civil Code of Procedure. When he filed his petition to cancel the judgment, the burden of proof would then be on appellee (the creditor) to prove the debt was not dischargeable in bankruptcy. United States Credit Bureau, Inc. v. Digoras, 1959, 169 Cal.App.2d 673, 337 P.2d 866, 870; Morris v. Drubin, 1958, 165 Cal.App.2d 467, 332 P.2d 371. See also:

Having elected to appear in the state court by answering appellee's complaint, appellant should exhaust his remedies in the state courts before appealing to the federal courts for relief. "The application to the Federal Court [in a bankruptcy case] for an injunction cannot be used as a substitute for an appeal in the state court." Csatari et al. v. General Finance Corp., 6 Cir. 1949, 173 F.2d 798, 801.

Affirmed.

---

8 Remington on Bankruptcy (6th Ed.) § 3315.

However, a bankrupt debtor who actually appears in an action on a debt claimed by him to be discharged in bankruptcy must plead that defense in the action. If he fails to do so, he waives his right to claim relief under § 675b. Davidson v. Anderson, 125 Cal.App.Supp.2d 908, 271 P.2d 233.