**In the Matter of SAFEGUARD COMPANY, a/k/a Safeguard Investment Company, Debtor.**

**Bankruptcy No. 80–724.**

United States Bankruptcy Court, W.D. Pennsylvania.

Oct. 31, 1983.

George Shorall, Pittsburgh, Pa., for plaintiff.

Stephen Israel, Pittsburgh, Pa., for debtor.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

Presently before the Court are two related petitions arising out of the Safeguard Company bankruptcy proceedings filed at 80–724. In the first petition, creditor seeks relief from the automatic stay in order to proceed with an assumpsit action commenced in state court against principal of Debtor corporation in his individual capacity. Related thereto, principal of Debtor has filed a Petition to Continue Enforcement of the Automatic Stay, wherein it is alleged that pursuant to the terms of Debtor's confirmed plan of reorganization, creditor

herein as well as other members of her class are bound by the Release Provision which expressly bars any and all claims against the Debtor's principals.

After hearing on the above matters in accordance with notice, parties were directed to submit briefs in support of their respective positions.

The facts are briefly as follows. In January, 1980 Josephine Leon, creditor herein, filed a Complaint in Assumpsit against Anthony J. Pivirotto individually, the Safeguard Company, and numerous other defendants in the Court of Common Pleas of Allegheny County, Pennsylvania at G D 80–2745. Therein, Mrs. Leon alleged that in January, 1979, she opened a commercial paper account with defendants in the amount of $25,000 at 10.5% interest. It is further alleged that in April, 1976 Mrs. Leon opened a savings account with defendants in the approximate amount of $17,000 at 6% interest. Mrs. Leon alleges that despite repeated demands, defendants failed to return her funds. In her complaint, she seeks judgment in excess of $40,000.

On May 14, 1980, Safeguard Company filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Mrs. Leon was listed as a creditor with a claim in the amount of $40,000.

Debtor's Plan of Reorganization filed pursuant thereto provided in pertinent part as follows:

CLASS 3. Shall include all unsecured creditors, including any person who asserts a claim against the Debtor for monies loaned and goods and services provided, including the unsecured portion of any claim in Class 2.

CLASS 4. Shall include all unsecured creditors who assert claims against John Robert Woods and/or Anthony James Pivirotto arising from their dealings with Safeguard Company.

Article VI, entitled "Implementation of the Plan" further provided in part as follows:

The Trustee has asserted various claims against Messrs. Pivirotto and Woods totalling some Five Hundred Thousand Dollars ($500,000.00) based on certain profits that Pivirotto and Woods possibly obtained by their alleged self-dealing with the company. Although the Trustee believes the claim is valid, said claim is disputed and would be expensive and time consuming to litigate. Messrs. Pivirotto and Woods have agreed to settle the additional claim, provided they are released from liabilities to persons having claims against them arising from dealings with Safeguard Company pursuant to the terms of an approved Plan. Pivirotto and Woods propose to convey to the Trustee the additional real property having an appraised value of at least Three Hundred Thousand Dollars ($300,000.00), in excess of any liens and encumbrances, as payment in full for all claims of the Trustee against them. . . .

It is a condition of the settlement that this Plan of Reorganization be confirmed and the release of all claims of Class 4 creditors be discharged and releasd (sic) against Messrs. Pivirotto and Woods, individually and as a partnership. Said discharge and release shall include all civil claims of public agencies who, as part of their official charge, represent persons who claim to have been defrauded or lost money in dealngs (sic) as an investor, including but not limited to the Securities and Exchange Commission, the District Attorney of Allegheny County, or any other governmental body.

The ballots distributed to members of Class 3 for voting purposes provided:

The undersigned, a general unsecured creditor of Safeguard Company, hereby:

[ ] ACCEPTS

[ ] REJECTS

the Plan of Reorganization submitted by the above-named Debtor.

The Class 4 claim and Ballot stated as follows:

The undersigned, hereby asserts a claim against Anthony Pivirotto, John

Robert Woods and/or Pivirotto and Woods in the sum of $_____.

Pursuant to the terms of the Plan of Reorganization, as a Class 4 creditor, I hereby ACCEPT the Plan of Reorganization and understand that I will receive an additional 5% dividend in addition to any other payment to which I may be entitled under the Plan under any other classification. I understand that in accepting the Plan as a Class 4 creditor, I am RELEASING Anthony Pivirotto, John Robert Woods and Pivirotte (sic) and Woods from any claims I may have against them arising from my dealings with Safeguard Company. I HEREBY ACCEPT ____

The Class 4 Claim and Ballot distributed to all members of that class also contained a provision whereby the voting member could indicate his or her rejection of the Plan of Reorganization. Although Mrs. Leon was a member of both Class 3 and Class 4, she returned neither ballot to the Trustee.

Of the Class 3 creditors, 95% voted in favor of the Plan of Reorganization, representing a total dollar amount of $2,033,766.69. Of the Class 4 creditors, 93% voted in favor of the plan, representing a total dollar amount of $2,183,638.83.

After hearing in accordance with notice, the Court entered the Order of Confirmation on December 22, 1982. Paragraph 8 of the Order provides as follows: "the claims of all persons in Class 3 and Class 4 against the Debtor and John Robert Woods and Anthony James Pivirotto are discharged as provided under the Plan."

In the brief in Support of the Petition for the Bankruptcy Court to Lift the Stay to Allow a Case to Proceed in the Court of Common Pleas of Allegheny County, Pennsylvania, Mrs. Leon alleges that she dealt with Pivirotto on an individual basis and it was the nature of that relationship which induced her to turn over her life savings to Pivirotto. She argues that an individual who is an officer of a bankrupt corporation may be personally liable to a third-party creditor with whom he dealt on a personal basis.

In its Brief in Support of the Petition to Continue Enforcement of the Stay, Pivirotto argues that Mrs. Leon is deemed to have accepted the Plan of Reorganization pursuant to the requisite number of creditors accepting in each class. The acceptance of the Plan effectively bars any individual suits and any continuing lawsuits based on these claims by and through Safeguard. Pivirotto further argues that despite Mrs. Leon's failure to vote for or against the plan, she is bound by the waiver and release contained therein. In addition thereto, Pivirotto argues that the turnover of assets by the principals of the Debtor corporation was in consideration for the release of the principals.

In conclusion, Pivirotto argues that Mrs. Leon cannot proceed with her action against him in view of the fact that she is deemed to have accepted the Plan and is bound by the Release contained therein. Further, Pivirotto avers that Mrs. Leon waived any remedial actions which she might have taken by appeal or exceptions.

The Court now turns to the relevant provisions of the Bankruptcy Code. Section 1126(c) provides as follows:

(c) A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

With regard to the effect of confirmation of a plan of reorganization, Section 1141(a) further provides:

(a) Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor or equity security holder of, or general partner in, the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the plan and whether or not such creditor, equity security holder, or general partner has accepted the plan.

In its analysis, Collier states: "A plan is binding upon all parties once it is confirmed, and all questions which could have been raised pertaining to such plan are *res judicata.*" *Collier on Bankruptcy*, § 1141.01 at 1141–6 (15th Ed.1983); *Stoll v. Gottlieb*, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938), *rehearing denied* 305 U.S. 675, 59 S.Ct. 250, 83 L.Ed. 437 (1938). A consummated plan of reorganization binds unscheduled creditors; *Evans v. Dearborn Machinery Movers Co.*, 200 F.2d 125 (6th Cir.1952); even if those creditors have no knowledge of the bankruptcy proceedings. *North American Car Corp. v. Peerless W. & V. Mach. Corp.*, 143 F.2d 938 (2d. Cir.1944).

Based upon the foregoing, the Court concludes that as a member of the classes which accepted the Plan of Reorganization later confirmed by the Court, Mrs. Leon is bound by the provision therein releasing Pivirotto in his individual capacity from any liabilities to persons having claims against him arising from dealings with Debtor. Accordingly, the Petition for the Bankruptcy Court to Lift Stay to Allow a Case to Proceed in the Court of Common Pleas of Allegheny County, Pennsylvania is denied. The denial of said petition is dispositive of the Petition of Anthony J. Pivirotto to continue enforcement of the stay.

An appropriate order will be entered.