**Ruth MARTOFF, Appellant,**

v.

**Peter M. ELLIOTT, Trustee, etc., Appellee.**

**No. 18739.**

United States Court of Appeals Ninth Circuit.

Dec. 31, 1963.

Richard M. Moneymaker, Los Angeles, Cal., for appellant.

John P. Stodd, Santa Ana, Cal., for appellee.

Before BARNES, MERRILL and BROWNING, Circuit Judges.

BARNES, Circuit Judge.

Appellant appeals from a decision of the United States District Court for the Southern District of California, Central Division, which affirmed an order of the Referee in Bankruptcy. The parties are concerned about who has what interests in a certain duplex in Los Angeles, California. Whether the property was held in joint tenancy or as community property is important to the parties here because in California all community property is subject to the debts of the husband whereas only the husband's interest in property held in joint tenancy is subject to the grasp of the creditors of the husband. The basic issue here is whether the referee had summary jurisdiction to decide whether the property was held in joint tenancy or as community property.

The bankrupt, David Martoff, and appellant, Ruth Martoff, are an estranged couple. They hold record title to the duplex in joint tenancy. In October 1960, prior to bankruptcy, Ruth filed a divorce action against her husband in the California state courts. In a verified complaint she alleged that the duplex was community property. On January 5, 1961, the state court gave her the right to collect the rents from said property and to make payments on the trust deed thereon pending a final determination of the divorce action. In October 1961 the state court, in a pre-trial conference order, stated, pursuant to a stipulation made by the attorneys of appellant and the bankrupt, that the property was held as community property by appellant and the bankrupt.

On March 19, 1962, the bankrupt filed his petition in bankruptcy and was so adjudicated. On March 27, 1962, appellant obtained an interlocutory decree of divorce, which awarded appellant all of the marital property except for a residence not here in issue.

Neither appellant nor the bankrupt resided in the duplex at any time before or on March 19, 1962. Sometime between March 19 and April 9, 1962, the trustee here made a demand on the tenants of the duplex to pay all further rents to him, which they have since done.

On April 9, 1962, the trustee brought an order to show cause against appellant for an order declaring the duplex to be an asset of the bankrupt's estate in its entirety, and to require appellant to execute to the trustee a quitclaim deed. After a hearing on May 15, 1962, the referee issued such an order. The referee held a further hearing on September 11, 1963, on appellant's motion to reconsider, with emphasis on the question of summary jurisdiction, but the referee's mind was not changed.

The referee had jurisdiction pursuant to § 2, sub. a(7) of the Bankruptcy Act (11 U.S.C. § 11, sub. a(7)) at least to determine whether he had summary jurisdiction. The district court acted under §§ 2, sub. a(10), 39, sub. a(8) and 39, sub. c of the Bankruptcy Act (11 U. S.C. §§ 11, sub. a(10), 67, sub. a(8) and 67, sub. c). This court has jurisdiction under §§ 24 and 25 of the Act (11 U.S.C. §§ 47 and 48).

The referee found (C.T. 27–29): that the property was community property; that at the time of the filing of the petition of bankruptcy, the duplex had been in the constructive possession of the bankrupt; that since the filing of the petition the duplex had been in the constructive possession of the trustee; that the referee had jurisdiction to determine title; and that under the doctrine

of Hannah v. Swift, 9 Cir. 1932, 61 F.2d 307, the entire equitable interest in the duplex over and above the trust deed had passed to the trustee for the benefit of the bankrupt's creditors.[1]

The basic issue here is whether the referee had summary jurisdiction to determine whether the property in question was held in joint tenancy or as community property. If this court finds that the referee did have summary jurisdiction, it would then have the problem of determining if the referee was in error in finding that the property was held as community property.

■   For the referee to have had summary jurisdiction over the determination of interests in the property, either (1) the bankrupt must have had actual or constructive possession of the property at the time of the filing, or (2) the claim of the appellant must not have been "substantial" and "adverse." 2 Collier on Bankruptcy, pp. 480–484 (14th ed.). Cf.: Ramish, Inc. v. Laugharn, 9 Cir. 1936, 86 F.2d 686, 688. The two alternatives will be considered separately.

*I—Was there constructive possession of the property?*

■■   The referee's basic reasoning seems to have been that since he found that the property was held as community property, the doctrine of Hannah v. Swift, supra, should come into play so that the trustee is entitled to the property. This was clearly in error. In Hannah v. Swift, supra, this circuit held that since property was community property, and since under California law the husband has the management and control over such property, the trustee, upon adjudication of bankruptcy of the husband, is entitled to the possession of the community property for the benefit of the creditors of the bankrupt. It seems from the emphasis of the court in that case that if the husband had constructive possession in that case, it was because he had the management and con-

1. The referee also found that there was not a valid homestead claim by appellant. That issue has not been raised in this court either in the specification of

errors or in the opening brief, although it was raised in the appeal to the district court. It is thus not discussed here.

trol over the property. However, in the case at bar, the appellant wife had the management and control over the property by order of the state court. She was collecting the rents and paying the trust deed payments. Thus, the bankrupt did not have constructive possession of the property at the time of the filing for bankruptcy, even if it was community property.

However, the referee further found (Finding 4 at C.T. 28):

"4. That at all times from the date of bankruptcy to present the Trustee has been collecting the rents from the real property and has been making payments on the trust deed encumbrances; that the Respondent at no time raised any objections to the Trustee's management of the property until after the bringing of these proceedings, naming her as a Respondent."

Apparently this finding was made with the intention of indicating that the appellant herein had consented to constructive possession by the trustee and thus to the summary jurisdiction of the referee by not protesting sooner. We do not agree. Although neither the findings of the referee nor the record give us any indication of the exact dates on which the trustee demanded of the tenants that the rents be paid to him, or on which the next rents were due, there was only a twenty-one day period between the filing of the petition and the institution of the turnover proceedings. We do not think that a landlord of property should be held to have waived the right to a plenary proceeding and have submitted to the summary jurisdiction of a bankruptcy court because he does not immediately protest the trustee's action, especially when the rights of the parties were required to be determined in some court of law; and when the court proceedings began three weeks after the bankruptcy filing. A finding to the contrary would encourage trustees and receivers to seize property without the benefit of notice or hearing to the landlord, or, also as here, without the benefit of a court or-

der. At most, the trustee could only have received one pair of checks for the rent of this duplex in this period of less than one month. If Hannah v. Swift, supra, has no application and if appellant did not waive her right to question the summary jurisdiction of the referee, we see no other grounds for finding constructive possession, the first essential ingredient for summary jurisdiction.

II—*Was the claim of appellant a substantial, adverse claim?*

Even if there was not constructive possession, the referee had summary jurisdiction unless the claim of appellant was a substantial, adverse claim. 2 Collier on Bankruptcy 480–484 (14th ed.).

■■ The referee never explicitly found whether the claim was substantial and adverse. He was satisfied in his original findings that there was constructive possession, and in the hearing of September 11, 1962, on the motion to reconsider which was very much concerned with the question of whether the claim was substantial and adverse, he stated from the bench that he was satisfied that he had summary jurisdiction. Ideally there should be a preliminary inquiry into the question of whether the bankruptcy court has summary jurisdiction. 2 Collier 519–520. This inquiry was actually conducted at the second hearing rather than the first, but it *was* conducted, so we do not find there was error because of the timing of the proceedings. Nor does it seem necessary to remand for explicit findings on the question of whether the claim was substantial and adverse because (1) it is clearly a question of law, and (2) the referee was cognizant of the argument and orally found that he had summary jurisdiction after hearing the arguments.

■ The test of the substantiality of a claim is as follows:

"It is now settled that if there is a real and substantial controversy of law or fact as to property held adversely to a bankrupt—'a contested matter of right, involving some fair doubt and reasonable room for con-

troversy'—the bankruptcy court is 'without jurisdiction' to adjudicate the matter, but the trustee must have resort to a plenary suit. Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897, quoting Board of Education v. Leary, 8 Cir., 236 F. 521, 525 * * *." In re Meiselman, 2 Cir. 1939, 105 F.2d 995, 997.

In favor of appellant's position that her claim is substantial and not just frivolous or colorable are several points.

(a) The record title is in joint tenancy. Moreover, Schindler v. Schindler, 1954, 126 Cal.App.2d 597, 601–602, 272 P.2d 566, 568, states:

"The fact that a deed was taken in joint tenancy establishes a prima facie case that the property is in fact held in joint tenancy. (citing a case) There is actually a presumption that the property is as described in the deed and the burden is on the party who seeks to rebut the presumption. (citing a case) The form of the deed cannot be lightly disregarded. Even with evidence of contrary intent, the deed alone creates a conflict of fact. (citing a case)"

(b) It should be pointed out that in the hearing of September 11, 1962, the second hearing before the referee, the testimony of the bankrupt and of appellant indicated that they were not too clear as to just what was meant, legally, by joint tenancy and community property and that they thought that the property was still in joint tenancy.

Arrayed against the argument of appellant that her claim was substantial is the strong argument of the trustee: (a) that both the bankrupt and the appellant stipulated in the divorce proceedings, through their attorneys, that the duplex was held as community property. The pre-trial conference order so stated, and (b) the appellant so alleged in her verified complaint. This is extremely strong evidence that the presumption by the deed of joint tenancy

is rebutted. Cal.Code of Civ.Proc. § 1962(2) provides:

"The following presumptions, and no others, are deemed conclusive: * * *

"2. The truth of the facts recited, from the recital in a written instrument between the parties thereto, or their successors in interest by a subsequent title * * *."

■ The arguments for both parties are strong. It is not necessary that this court believe that appellant would win in the plenary suit to find that she is entitled to a plenary suit. She is entitled to have the question of title decided in a plenary suit if her claim is substantial and not merely colorable. We conclude that she is entitled to a plenary suit. Her claim has enough substance that we think a state court should make the determination as to title.

Reversed and remanded.