Irving SULMEYER, Appellant,

v.

Arthur Donald PFOHLMAN, Appellee.

No. 18665.

United States Court of Appeals
Ninth Circuit.

March 24, 1964.

8. Compare Newberg v. American Dryer Corp., 195 F.Supp. 345, 347 (E.D.Pa. 1961), with Zachman v. Erwin, 186 F. Supp. 681, 688–689 (S.D.Tex.1959).

**916**

Richard M. Moneymaker and William J. Tiernan, Los Angeles, Cal., for appellant.

Shirley & Johnson, and Marlin H. Shirley, Pomona, Cal., for appellee.

Before BARNES, HAMLEY and DUNIWAY, Circuit Judges.

HAMLEY, Circuit Judge.

In this bankruptcy proceeding involving residents of California, the referee overruled the objection of Lois E. Pfohlman, wife of the bankrupt, to the exercise of summary jurisdiction in determining whether the residence property was held in joint tenancy or as community property.[1] The referee also enjoined the bankrupt and his wife, and their attorneys, pending further order, from proceeding with a state action they had brought to determine title to this property.

Mrs. Pfohlman thereupon petitioned the district court to review the order of the referee. A few days later she moved in the district court for an order permitting the filing and prosecution of a state action to determine her homestead rights in the described property and for other relief.

The district court, after hearing, entered findings of fact, conclusions of law, and an order disposing of the review and separate motion. The court sustained the objection of Mrs. Pfohlman to the jurisdiction of the bankruptcy court to determine the status of the residence property in summary proceedings. The court also concluded that the bankruptcy court is without jurisdiction to restrain Mrs. Pfohlman from proceeding with her state action. The temporary restraining order entered by the referee was therefore dissolved and Mrs. Pfohlman was expressly granted permission to continue with the state suit.[2]

Appealing to this court from that order, the trustee first argues that the ref-

1. The significance of such a determination in a bankruptcy proceeding was pointed out in the recent decision of this court in Martoff v. Elliott, Trustee, 9 Cir., 326 F.2d 204, where it was said:

"Whether the property was held in joint tenancy or as community property is important to the parties here because in California all community property is subject to the debts of the husband whereas only the husband's interest in property held in joint tenancy is subject to the grasp of the creditors of the husband."

2. The order of the district court contains a finding of fact and a conclusion of law to the effect that neither the court nor the referee had determined whether the property in question was or is joint tenancy property or community property. The court was apparently speaking as of the time the review was instituted for the referee did make such a determination while this review and motion were pending before the district court. The necessary effect of the district court order is to set aside this adjudication made by the referee during the pendency of the review proceeding.

eree's order was interlocutory and therefore not reviewable in the district court.

Section 39, sub. c, as amended, of the Bankruptcy Act, 11 U.S.C. § 67, sub. c. (1958), providing for district court review of the orders of referees in bankruptcy, places no restriction on the kinds of orders subject to review. District courts therefore have jurisdiction to review interlocutory orders although they may, in the exercise of discretion, decline to do so. Accordingly, while district courts usually discourage the review of orders which deal with preliminary procedural matters, acceptance by the district court of such a review is not ground for reversal in this court. See 8 Remington on Bankruptcy, 6th ed., § 3405, p. 296; 2 Collier on Bankruptcy, 14th ed., § 39.21, pp. 1499–1501; Hunt, Appeals in Bankruptcy Cases (1937), 10 So.Cal.L.Rev. 296, 304.[3]

On the merits the trustee argues that the district court erred in determining that the bankruptcy court did not have summary jurisdiction to determine the extent of the bankrupt's interest in the property in question.

One or the other of two elements must be present in order for the bankruptcy court to have summary jurisdiction to determine interests in property. Either the bankrupt must have had actual or constructive possession of the property at the time of the filing, or the claim asserted against the property must not have been "substantial" and "adverse." Martoff v. Elliott, Trustee, 9 Cir., 326 F.2d 204.

The referee neither found nor concluded that either of these elements were present. In his order it is recited only that "good cause appearing therefor," the objection of Lois E. Pfohlman to the summary jurisdiction of the referee "be and the same is hereby overruled; and it is expressly found that this Court has summary jurisdiction to determine the matters set forth in the Trustee's said application; * * *."[4]

The lack of findings and conclusions essential to sustain a determination that summary jurisdiction existed, warranted the reversal of the referee's order, whether or not that was the ground of reversal. Since the referee's order was properly reversed it is unnecessary to decide whether the district court was correct in determining that the bankruptcy court lacked summary jurisdiction. For if the bankruptcy court had such jurisdiction, it was not compelled to exercise it. It could, in the exercise of a sound discretion, permit the controversy to be determined in a plenary suit in the state court.[5] In substance this is what

---

3. Appellee does not contend that this court is without jurisdiction because the appeal involves an interlocutory district court order in a controversy arising in proceedings in bankruptcy. See section 24, sub. a, as amended, of the Bankruptcy Act, 11 U.S.C. § 47, sub. a (1958). Nor does appellee argue that appellant is without standing to appeal because he is not "aggrieved" by the district court order, within the meaning of section 25, sub. a, as amended, of the Act, 11 U.S.C. § 48, sub. a. See Klein v. Rancho Montana De Oro, Inc., 9 Cir., 263 F.2d 764, 771.

4. During the course of the hearing on the objection to the exercise of summary jurisdiction, the referee orally overruled the objection, citing Hannah v. Swift, 9 Cir., 61 F.2d 307, and In re Cummings, D.C. S.D.Cal., 84 F.Supp. 65. In neither of these cases is the question of summary jurisdiction involved. The referee also said, in further explanation of his ruling: "I don't think there is any doubt as to the jurisdiction of this Court, that where a bankrupt has an interest in the property this Court can determine what that interest is." As indicated earlier in this opinion, citing Martoff v. Elliott, Trustee, this is not the test to be applied in determining whether the bankruptcy court has summary jurisdiction to determine interests in property.

5. See Thompson, Trustee v. Magnolia Petroleum Co., 309 U.S. 478, 483, 60 S.Ct. 628, 84 L.Ed. 876; Briskin v. White, 9 Cir., 296 F.2d 132, 135; 1 Collier on Bankruptcy, 14th ed. § 2.07, pages 156–167.

The fact that the referee opposed the continuance of the state action did not preclude the district court, in the exercise of discretion, from taking a contrary position. The broad powers vest-

the district court did and nothing in the record indicates to us that the court abused its discretion in so doing.

What is said above also disposes of the trustee's argument that the referee had jurisdiction to restrain Mrs. Pfohlman from proceeding with her state suit without obtaining permission from the referee.

The order is affirmed.

ed in the district court under General Order 47, 11 U.S.C.A. following section 53, in proceedings to review orders of referees have been heretofore commented on by this court. See Rosehedge Corporation v. Sterett, 9 Cir., 274 F.2d 786, 790; Powell v. Wumkes, 9 Cir., 142 F. 2d 4, 6. See also, Cowan's Bankruptcy Law and Practice (1963) sec. 1147, p. 665, where the author states:

"The General Orders and remarks in decisions indicate that the District Judge has virtually unlimited power to do anything he pleases upon review and, for all practical purposes, may ignore what the Referee has done below."

This is not to say that a district court is justified in disregarding a referee's findings if they are not clearly erroneous. See In re California Associated Products Co., 9 Cir., 183 F.2d 946, 950. In the case under review there were no referee's findings.