**In the Matter of JAMES ORNAMENTAL IRON & STEEL COMPANY, Inc., a Corporation, Bankrupt.**

**No. 1843.**

United States District Court
W. D. North Carolina,
Charlotte Division.

Oct. 10, 1968.

J. Harry Sample, Charlotte, N. C., referee in bankruptcy.

Richard H. Robertson, Charlotte, N. C., trustee in bankruptcy.

T. LaFontine Odom, Charlotte, N. C., for bankrupt's estate.

John G. Newitt, Charlotte, N. C., for McKee Realty Co. and W. J. Bain.

## MEMORANDUM OF DECISION

McMILLAN, District Judge.

This was a petition by the trustee and the bankrupt for review of a referee's order.

In March and April, 1967, claims were duly filed against the bankrupt by McKee Realty Company, Inc., agent for W. J. Bain, a landowner, for $463.20, the cost of cleaning up premises which had been leased by the bankrupt's trustee, and $386.85 for rent while the property was occupied by the trustee from January 23 to March 21, 1967. The trustee omitted these claims from his tentative account filed January 21, 1968. At the meeting of creditors on January 26, 1968 these omissions were challenged by McKee and considerable testimony was taken, and the referee stated that he would allow the clean-up bill of $463.20 as a cost of administration. No decision was announced at that hearing with reference to the claim for rent. On March 14, 1968 the trustee filed a "final" account, reporting that he had paid out all the bankrupt's assets including $231.60 paid McKee as a "settlement." McKee apparently received and cashed the check, but later tendered the money back when he discovered that the trustee contended that it was a settlement of all claims.

Other hearings were held on June 27, 1968 and (apparently) on February 9, 1968, in which hearings the referee made inquiry and heard evidence on the trustee's claim of settlement and on Bain's claim of entitlement to rent. No final order in discharge of the bankrupt's obligations was entered. On August 9, 1968 the referee entered an order in favor of Bain, the landowner, for $386.85, the rental, and $231.60, which is one-half the cost of the clean-up.

The referee ruled that the $231.60 payment did not constitute a settlement and described the situation correctly, we believe, as a mutual mistake of fact. The referee also suggested that the trustee make claim on the Internal Revenue Service for enough money to pay these claims, upon the basis that the federal tax liens were junior to these administration expenses.

The trustee and the bankrupt filed separate petitions for review of the referee's orders, alleging that the referee had approved the payment as originally made and that the trustee had paid out all the assets he had, and that no review thereafter should be made of the trustee's action.

■ Under the law this Court is not necessarily bound by factual determinations of the referee, but the referee's findings of fact should be accepted unless "clearly erroneous." General Orders in Bankruptcy No. 47; Sulmeyer v. Pfohlman, 329 F.2d 915 (9th Cir. 1964).

■■ Upon a review of the record, moreover, it appears clearly that the claims in question were properly and timely filed; that the creditor advanced these claims strenuously whenever opportunity was afforded; that the claims were proper charges against the administration; that the $231.60 representing

one-half the clean-up charges was not accepted as a settlement of the rental claim; and that there has been no action of this court nor of the referee to give rise to a plea of *res judicata* or former judgment or estoppel.

Rather than demonstrating the referee's findings to be "clearly erroneous," the record shows that his findings were correct and his conclusions proper.

If, as directed, the trustee petitions the Internal Revenue Service for refund of the sums in question, the Court expresses the opinion that the refunds should without question be made.

The order is affirmed and the petitions for review are denied.