In the Matter of MARINE DISTRIBUTORS, INC., a California Corporation, Bankrupt.

Barbara POSTAL and Travers A. Laird, Petitioners-Appellants,

v.

James A. A. SMITH, Trustee, Respondent-Appellee.

No. 73–3081.

United States Court of Appeals, Ninth Circuit.

Aug. 5, 1975.

Rehearing Denied Oct. 21, 1975.

Arnold M. Quittner (argued), Los Angeles, Cal., for petitioners-appellants.

Richard M. Moneymaker (argued), Los Angeles, Cal., for respondent-appellee.

## OPINION

Before BROWNING and TRASK, Circuit Judges, and RICH,* Judge, United States Court of Customs and Patent Appeals.

TRASK, Circuit Judge:

This appeal is from a judgment of the district court which affirmed an order of the bankruptcy referee enjoining the United California Bank (UCB) from making payment upon two irrevocable letters of credit it had issued. The letters of credit were issued to William H. Postal and Travers A. Laird representing a part of their selling price of certain assets to Marine Distributors, Inc. (MDI). When MDI became bankrupt its trustee claimed the funds represented by the letters of credit and initiated this proceeding.

More specifically, by a contract of sale dated April 30, 1970 (Agreement), Postal and Laird agreed to sell certain assets of a partnership called Coast Distributing Company to MDI. The purchase price was $135,000 plus assumption of certain liabilities.[1] Part of the price was paid in cash and the remainder was evidenced by promissory notes of MDI. Three notes of a series were issued by MDI to Postal for his share and three to Laird for his. The Agreement provided that the notes would be guaranteed by UCB, or an equivalent bank satisfactory to the seller.

To implement this guarantee MDI applied to UCB for two irrevocable letters of credit, one to be issued to Postal and one to Laird. The applications and letters were identical except for names and amounts. They were dated June 5, 1970. The letter issued to Laird was labeled "Irrevocable Letter of Credit" for payment of the three notes MDI had delivered to him, the last of which (and the only one in question here) for the sum of $26,492 with a maturity date of April 30, 1972. In order to obtain payment of the

---

* Honorable Giles S. Rich, Judge, United States Court of Customs and Patent Appeals, sitting by designation.

1. Mr. Postal died and Barbara Postal was established as the distributee of his estate including his proceeds from the Agreement.

irrevocable letter of credit, the holder was required to draw a sight draft on UCB for an amount not exceeding the amount of the note for which payment was demanded. The draft was to be presented to UCB along with,

"(1) Your signed statement that you have presented to Marine Distributors, Inc. for payment any of the Promissory Notes signed by them as specified below and that you have not received payment from them within 5 business days after the relative due date;

"(2) The relative note duly endorsed to the order of United California Bank; . . ." Respondent's Exhibit No. 15.

MDI filed its voluntary petition in bankruptcy on April 20, 1972. The last note, due April 30, 1972, was not paid. On May 11, 1972, MDI's trustee in bankruptcy filed his "Application for Restraining Order, Declaratory Relief and for a Turnover of Monies" (Application).[2] The Application alleged that the two letters of credit were assets of the estate and that Postal and Laird had no "security interest, lien, claim or encumbrance on these funds valid as to this bankrupt estate and are merely unsecured creditors for any sums due them by the bankrupt corporation." The Application also alleged that there were certain offsets in existence in favor of MDI and against Postal and Laird arising out of the Agreement and that if the UCB paid Postal and Laird the unsecured creditors of the estate would suffer irreparable harm. It asked that UCB be temporarily restrained from payment pending a hearing and to that end that an order to show cause issue.[3] The order issued the

same day, May 11, along with a temporary restraining order against payment of the drafts by the bank. Summary jurisdiction was upheld by the referee and the district court sustained the summary jurisdiction and the restraining order, as found by the referee.

On May 15, 1972, pursuant to the conditions of the irrevocable letters of credit, Postal and Laird each presented a draft to UCB for the amount required for the payment of the last note of the three notes for which the Letters of Credit were issued.[4] In compliance with the order of the court, the bank refused payment.

■ Before reaching the merits of this appeal, appellee's motion to dismiss for lack of jurisdiction must be disposed of. This motion was made on January 23, 1974, and was submitted to be argued with the case-in-chief before this panel. The appellee trustee asserts that this court is without jurisdiction to hear the appeal because review is requested of an interlocutory order in a controversy arising in a proceeding in bankruptcy. If the present case could be so classified, and we do not decide that it may, then appellee would be correct in the assertion that this court lacks jurisdiction under section 24(a) of the Bankruptcy Act, 11 U.S.C. § 47(a). *See, e. g., In re Christ's Church of the Golden Rule,* 172 F.2d 523 (9th Cir. 1949). However, the inquiry into the jurisdiction of this court does not end with the Bankruptcy Act. This court has jurisdiction under 28 U.S.C. section 1292(a)(1) to review the action of the district court affirming the injunction issued by the referee restraining UCB from distributing the funds

---

2. Although Mr. Smith, appellee herein, filed as "Receiver" the referee found in his Findings of Fact and Conclusions of Law that "on April 20, 1972, the bankrupt filed a voluntary petition in bankruptcy and James A. A. Smith was appointed 'as trustee.'" Mr. Smith appears to have been so designated in subsequent proceedings.

3. Respondents were Postal and Laird, UCB and approximately 15 individuals who, as MDI corporate shareholders, were later shown to

have executed and delivered to UCB continuing guarantees which directly guaranteed the obligation of MDI to UCB.

4. Full and timely compliance by Laird and Postal with the formal requirements of presentment and demand upon UCB is not questioned. The two earlier notes of the series had evidently been paid in due course.

held pursuant to the letters of credit.[5] *Hirsch v. Wharton*, 344 F.2d 90, 91 (2d Cir. 1965); *McAvoy v. United States*, 178 F.2d 353, 355 (2d Cir. 1949); 2 *Collier on Bankruptcy*, ¶ 24.27, at 764 (14th ed. 1975). Accordingly, the motion to dismiss for lack of jurisdiction is denied.

■ Appellee argues that appellants did not properly object to the summary jurisdiction of the bankruptcy court. This objection of appellee was not raised below either before the bankruptcy court or before the district court and could well be considered waived. However, the record is clear that appellants did object upon the same grounds asserted here and have continued to assert that position. The Application was filed on May 11, 1972; the order to show cause was issued based thereon on the same date and set for hearing on May 22, 1972. On May 19, 1972, Postal and Laird, filed their special appearance in the proceedings before the referee by which they specifically objected to the assumption of any summary jurisdiction over them and over the property described in the Application. The grounds for the objections were that the two letters of credit held by the bank represented an obligation on its part independent of the bankruptcy proceedings and constituted a contract between the issuer and the beneficiaries independent of the underlying agreement of sale between the bankrupt and appellants.[6]

Thereafter, at a continued hearing, counsel for the individual guarantors announced that "we have agreed with counsel for the bank that the records and exhibits which provide the basis for the jurisdictional hearing today may be introduced without foundation." They were so introduced and each counsel was asked to state his position. Counsel for

Postal and Laird stated unequivocally that the assets (letters of credit) were not "assets of the trust estate." He told the referee that the trustee neither actually nor constructively had any interest or color of title to assets consisting of the letters of credit. He therefore stated flatly that he did not consent to jurisdiction of the bankruptcy court. The bank's response was to the same effect. We are of the opinion that the appellants did properly object to the summary jurisdiction of the bankruptcy court and continued to properly assert it throughout this proceeding.

The matter was thus submitted to the referee upon the exhibits and the position statements and, after memoranda of law were filed and considered, the referee filed his "Findings of Facts and Conclusions of Law re Summary Jurisdiction" concluding that the bankruptcy court did have summary jurisdiction, saying:

"This court has constructive possession of the monies held by the bank pursuant to the Letters of Credit, since the bank makes no independent, adverse claim to the same." Nov. 29, 1972.

The temporary restraining order previously issued against the bank was continued pending final determination of any offsets under the original contract of sale. After Petitions for Review were filed and denied and then Petitions for Reconsideration, the matter was certified by the referee to the district court for review. The district court held without opinion that the restraining order was proper and that summary jurisdiction existed.

■ The principal issue joined between appellants and the trustee is the determination of summary jurisdiction

---

5. The present case involves a preliminary injunction [C.T. at 11] and, therefore, *Bank of America Nat. Trust & Sav. Ass'n v. Cuccia*, 93 F.2d 754 (9th Cir. 1937), involving a temporary restraining order, has no applicability. *See Pack v. Carter*, 223 F. 638, 640 (9th Cir. 1915) (relied on in *Bank of America Nat. Trust & Sav. Ass'n v. Cuccia, supra* ).

6. At the hearing on May 22, 1972, before the referee, the referee said at the opening,

"I have had some responses from two or three respondents."

"Mr. Moneymaker: (For Appellee) I think everybody responded." R.T. at 2.

*vel non* of the bankruptcy court to enjoin payment of irrevocable letters of credit when the letters are outstanding in the hands of third persons (appellants) and are not secured by property of the bankrupt. Under the *California Uniform Commercial Code*[7] a "letter of credit" is an engagement by a bank made upon request that the issuer

> "will honor drafts . . . for payment upon compliance with the conditions specified in the credit. A credit may be revocable or irrevocable." § 5103(1)(a).

> "Unless otherwise agreed once an irrevocable credit is established as regards the customer it can be modified or revoked only with the consent of the customer and once it is established as regards the beneficiary it can be modified or revoked only with his consent." § 5106(2).

Here, the letters of credit were issued by the bank on June 5, 1970; the bankruptcy petition was filed on April 20, 1972. On that date the bank was in possession of the monies upon which the holders of the letters of credit could draw. The letters themselves were in possession of Postal and Laird. The bankrupt, MDI, had neither actual nor constructive possession of the money or the documents and the obligations to pay as represented by those documents ran from the bank to Postal and Laird. *See In re United General Wood Products Corp.,* 483 F.2d 975 (9th Cir. 1973); 2 *Collier on Bankruptcy,* ¶ 23.04 at 453–58 (14th ed. 1975). As a part of the original transaction Postal and Laird quite evidently did not wish to rely upon MDI for payment of the balance of the purchase price. It therefore required an unconditional promise of a highly solvent third party, the bank, to pay that balance. And the payment did not depend upon MDI's solvency or ultimate ability or willingness to pay, or upon the resolution of any dispute between MDI and Postal and Laird as to their respective rights under the underlying agreement.

The only condition imposed was the certificate of the holder that he had presented the note for payment and that payment had not been received within 5 business days of the due date. The note then was endorsed to the bank which bore all responsibility and risk of collection either from MDI, the stockholder guarantors, or any other sources it had relied upon in issuing its irrevocable guaranty.

The bank's obligation to pay the drafts, issued pursuant to its own letters of credit, is set out in section 5114(1) of the Code:

> "An issuer must honor a draft or demand for payment which complies with the terms of the relevant credit regardless of whether the goods or documents conform to the underlying contract for sale or other contract between the customers and the beneficiary."

The bank's position was stated at the first hearing before the referee by its attorney and summarized by the statement that "the United California Bank does not consent to the summary jurisdiction of the court." There was no evidence introduced by the trustee or the bankrupt and nothing before us to indicate any change of views. The fact that the bank did not appeal does not mean that it has changed its legal position. In fact, the findings of fact of the bankruptcy court establish that the bank did not change its position. Finding IX is "that the bank, Laird and Postal have filed objections to the summary jurisdiction of this court."

It is clear on the findings and the documentary evidence here that both the bank and the beneficiaries are adverse claimants. That being so, and the trustee having neither actual nor constructive possession of the money or documents, the bankruptcy court had no summary jurisdiction over the irrevocable letters of credit or the monies of the bank represented by them. *In re Barasch,* 439 F.2d 1393 (9th Cir. 1971); *Sulmeyer v.*

---

7. Cal.Comm.Code §§ 5101–17 (West.1964).

*Pfohlman,* 329 F.2d 915 (9th Cir. 1964); *Martoff v. Elliott,* 326 F.2d 204 (9th Cir. 1963); 2 *Collier on Bankruptcy* ¶ 23.04 at 453–56 (14th ed. 1975). The restraining order issued by the bankruptcy court and continued in force by the district court is hereby vacated and set aside.