WYSKO INVESTMENT CO., an Arizona corporation, Plaintiff,

v.

GREAT AMERICAN BANK, a Federal Savings Bank, Defendant.

Nos. CIV 91–119 TUC–RMB.
BK 91–00104 TUC–RTB.

United States District Court,
D. Arizona,
Tucson Division.

July 30, 1991.

Dale Beck Furnish, Molloy, Jones & Donahue, P.C., Phoenix, Ariz., for appellant.

Jeffrey H. Greenberg, Fioramonti & Greenberg, P.A., Tucson, Ariz., for appellee.

## ORDER

BILBY, District Judge.

Wysko Investment Company is the general partner of Spring Meadows Apartment Complex Limited Partnership. Spring Meadows filed for Chapter 11 Bankruptcy on January 4, 1991, and Wysko filed for Chapter 11 protection one week later. The two bankruptcies were consolidated. Debtor Wysko originally signed a purchase agreement to buy Spring Meadows Apartment Complex from Great American Bank in December of 1988. Dalco Enterprises, a principal of Wysko and Spring Meadows, established a letter of credit in order for Wysko to make this purchase.

Following the bankruptcies, Great American attempted to draw on the letter of credit. Wysko objected, and suggested at the bankruptcy hearings that Great American accept a certificate of deposit in place of the letter of credit. The Bankruptcy Court agreed with Wysko, and enjoined payment on the letter of credit pursuant to Bankruptcy Code Sec. 105. *See* 11 U.S.C. § 105 (1990). Appellant Great American argues on appeal that Sec. 105 does not allow the Bankruptcy Court to enjoin letters of credit.

There are two issues which must be decided on this appeal. First, may the Bankruptcy Court ever enjoin payment of a letter of credit under Sec. 105 of the Bankruptcy Code? Second, if the Bankruptcy Court can enjoin payment of a letter of credit, under what circumstances may it do so?

### I. May the Bankruptcy Court Enjoin Payment of a Letter of Credit?

Great American has cited case law holding that letters of credit are not part of the bankruptcy estate, and are therefore not subject to the jurisdiction of the Bankruptcy Court. *See In re Marine Distributors*, 522 F.2d 791 (9th Cir.1975); *see also In the Matter of Compton Corp.*, 831 F.2d 586 (5th 1987); *In re Air Conditioning, Inc. of Stuart*, 845 F.2d 293 (11th Cir.1988). However, these cases do not address the powers of the Bankruptcy Court under Sec. 105 of the Bankruptcy Code. Section 105 allows the Bankruptcy Court to issue injunctions which are "necessary and appropriate to carry out the provisions of this title." 11 U.S.C. Sec. 105(a).

In *American Hardwoods*, the Ninth Circuit stated that Sec. 105 does "not authorize relief inconsistent with more specific law." *In re American Hardwoods*, 885 F.2d 621, 625 (9th Cir.1989). Appellant Great American argues that this means that the Bankruptcy Court may not use Sec. 105 to circumvent the letter of credit at issue. However, *American Hardwoods* continues by giving examples of what the Bankruptcy Court *may not* do under Sec. 105. The examples given by the *American Hardwoods* court are that the Bankruptcy Court may not use its powers under Sec. 105 to grant attorneys' fees if there is not a more specific provision allowing attorneys' fees, or the Bankruptcy Court may not order a trustee to recover expenses in a manner not specifically provided by statute. *See In re American Hardwoods*, 885 F.2d at 625.

There is no case law which specifically addresses whether the Bankruptcy Court may use its powers under Sec. 105 to enjoin a letter of credit. The case law cited by Great American supports the idea that a letter of credit should ordinarily not be included in the bankruptcy estate. *See In re Marine Distributors*, 522 F.2d 791 (9th Cir.1975); *see also In the Matter of Compton Corp.*, 831 F.2d 586 (5th 1987); *In re Air Conditioning, Inc. of Stuart*, 845 F.2d 293 (11th Cir.1988). Great American further bolsters its argument by relying upon the history of letters of credit, stating that this is an age-old reliable financing mechanism. *See* Dolan, *The Law of Letters of Credit*, 2–2, 2–4 (1984 and supp. 1990). Great American warns that the Bankruptcy Court's Order could create havoc in the financial world. Finally, Great American cites *American Hardwoods* for the proposition that the Bankruptcy Court may not use its Sec. 105 powers to enjoin third parties absent unusual circumstances. *See American Hardwoods*, 885 F.2d at 625.

In *American Hardwoods*, the Ninth Circuit declined to issue an injunction against third parties under Sec. 105. *See American Hardwoods*, 885 F.2d at 627. The *American Hardwoods* court, however, noted that in *A.H. Robins* the Fourth Circuit did use its Sec. 105 powers to enjoin third parties because there were unusual facts. *See id.*, 885 F.2d at 624, *citing, In re A.H. Robins Co. Inc.*, 828 F.2d 1023, 1026 (4th Cir.1987) *cert. denied* 485 U.S. 969, 108 S.Ct. 1246, 99 L.Ed.2d 444 (1988). The court in *American Hardwoods* found that there were no such unusual facts as in *A.H. Robins*. *See id.* at 626. Therefore, the *American Hardwoods* court refused to enjoin a third party from enforcing a judgment against the Debtor. *See id.* at 627. It is important to note that the *American Hardwoods* court found that an injunction was not essential to the reorganization plan. *See id.* at 627.

■ The power of the Bankruptcy Court to assist in reorganization would be severely hampered if this Court held that letters of credit are outside the Sec. 105 powers of the Bankruptcy Court. This Court holds that Sec. 105 does allow the Bankruptcy Court to enjoin letters of credit, but this should be confined to unusual circumstances.

### II. Under What Circumstances May the Bankruptcy Court Enjoin Payment On a Letter of Credit?

■ Appellant Great American argues that, if the Bankruptcy Court may enjoin letters of credit under Sec. 105, unusual facts are necessary. Great American further argues that there are no such unusual

facts here. Great American concludes that even if a Sec. 105 injunction may be utilized against a letter of credit, it should not be done in this situation. Wysko responds by stating that the Debtor has met the high burden of proof necessary for a Sec. 105 injunction, and that this Court may only overturn the ruling of the Bankruptcy Court if it is "clearly erroneous."

It is obvious in the Order from which Appellant appeals that the Bankruptcy Court found that the injunction against the letter of credit was necessary for reorganization. *See In re Wysko Investment Co.,* No. 91–104 (Filed February 6, 1991). Testimony by Don Allan, the President of Dalco, indicated that an injunction of the letter of credit was essential for reorganization and the reorganization hinged upon the injunction. *See* Deposition Testimony of Don Allan, pages 30–33 (February 1, 1991). In light of this evidence, this Court cannot say that the decision of the Bankruptcy Court in finding that the letter of credit was necessary for reorganization was "clearly erroneous." The fact that the injunction was necessary for reorganization is an unusual circumstance which justifies use of the Bankruptcy Court's Sec. 105 powers to enjoin a letter of credit.

Therefore, IT IS ORDERED that the decision of the Bankruptcy Court is AFFIRMED.