**In re COMMERCIAL MONEY CENTER, INC. and Commercial Servicing Corporation, Debtors.**

**Citibank, N.A.; JP Morgan Chase Bank; and Guardian Capital, Appellants,**

v.

**Richard M. Kipperman, Chapter 7 Trustee for the Bankruptcy Estates of Commercial Money Center, Inc. and Commercial Servicing Corporation, Appellee.**

**No. 06–55251.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2007.

Filed Nov. 14, 2007.

John W. Cutchin, Solomon Grindle Silverman & Spinella, San Diego, CA, for Debtors.

George S. Wang, Esq., Simpson Thacher & Bartlett, New York, NY, Chet A. Kronenberg, Esq., Simpson, Thacher & Bartlett LLP, Los Angeles, CA, for Plaintiff–Appellant.

Jesse S. Finlayson, Esq., Finlayson, Augustini & Williams LLP, Newport Beach, CA, for Defendant–Appellee.

Before: B. FLETCHER, REINHARDT, and RYMER, Circuit Judges.

### MEMORANDUM *

Citibank challenges the bankruptcy court's approval of a settlement agreement between Kipperman and two creditors: ACE American Insurance Company and Illinois Union Insurance Company (together "ACE"). The district court affirmed the bankruptcy court's approval on appeal. We affirm.

At the outset, we decline ACE's invitation to dismiss the appeal as moot. Meaningful relief can be fashioned, even though the settlement between ACE and the estate has been accomplished (both are parties before the bankruptcy court), and without creating an unmanageable situation for the bankruptcy court. *Cf. In re Roberts Farms, Inc.,* 652 F.2d 793 (9th Cir.1981).

Citibank's arguments on the merits turn on its submission that the bankruptcy court approved a settlement that affects its interests in an insurance policy (the "Citibank Policy"). All are answered by the fact that the settlement agreement does not purport to affect any interest other than that of the debtors. *See In re Marine Distribs.,* 522 F.2d 791, 795–96 (9th Cir.1975).

First, the bankruptcy court had jurisdiction over the bankruptcy estates of Commercial Money Center, Inc. and Commercial Servicing Corporation (collectively "CMC" or the "debtors"), and it did not lack jurisdiction to approve the settlement agreement to the extent that agreement resolved a dispute between CMC and ACE over CMC's interests—whatever they may be. That the settlement agreement is limited to the debtors' interests also fells Citibank's argument that, because the Citibank Policy is analogous to a Letter of Credit, the agreement improperly attempts to rescind that policy.

Second, while Citibank is concerned that the agreement purports to rescind the Citibank Policy, by the terms of the agreement, the release and rescission are "as to the Debtors." We construe this to reflect the debtors' consent to have *their* interests released and "rescinded" and nothing more. So construed, Citibank presently lacks formal legal prejudice. *See Waller v. Financial Corp. of America,* 828 F.2d 579 (9th Cir.1987). To the extent its concern is that ACE will later use the settlement agreement to try to rescind the entire Citibank Policy, the consequence is remote. *See TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 440, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968); *In re Fondiller,* 707 F.2d 441, 442 (9th Cir.1983); and *Libby et al. v. City National Bank,* 592 F.2d 504, 511 (9th Cir.1978). In any event, CMC is not a party to the Citibank Policy, and counsel for ACE represented that ACE does not intend to argue, and never argued, that a rescission by the debtors effected a rescission of Citibank's interests.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Third, Citibank complains that in approving the settlement, the bankruptcy court allowed the trustee to use the Citibank Policy, which is not part of the debtors' estate, as currency to secure a more favorable settlement with ACE. In the same vein, it maintains that the effect was to use non-debtor assets in an effort to satisfy a debt of the debtor, contrary to Bankruptcy Rule 9019 and the rule of *In re Walsh Construction,* 669 F.2d 1325, 1330 (9th Cir.1982). The bankruptcy court considered all of the papers in support of and opposition to the request for approval, and held an evidentiary hearing, before approving the settlement agreement. The agreement only purports to affect CMC's interests and it was those interests, not non-debtor property, that the trustee sought to compromise. As so limited, we cannot say that the bankruptcy court abused its discretion in finding the settlement agreement to be fair.

Finally, the bankruptcy court did not abuse its discretion by declining to include additional language in the settlement agreement further to protect Citibank's interests. *In re A & C Properties,* 784 F.2d 1377, 1380 (9th Cir.1986). Including Citibank's suggested terms might have prevented this appeal but, for the reasons already explained, there was a sufficient basis in the language of the settlement agreement itself for the bankruptcy court to conclude that Citibank was protected without those terms.

AFFIRMED.

---

\* The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.